IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JENNIFER GILLIS and TORY GILLIS, Individually and on Behalf of the ESTATE OF J.G., A Minor | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CASE NO. 5:22-cv-80 |
| COMMUNITY PRODUCTS, LLC d/b/a RIFTON EQUIPMENT, CHURCH COMMUNITIES NY, INC., NORTH EAST INDEPENDENT SCHOOL DISTRICT and MEDICAL WHOLESALE, LLC | § § § § § § | |
| Defendants. | § | JURY DEMANDED |

**DEFENDANT COMMUNITY PRODUCTS, LLC d/b/a RIFTON EQUIPMENT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant **COMMUNITY PRODUCTS, LLC d/b/a RIFTON EQUIPMENT** (hereinafter "Removing Defendant"), and hereby gives notice of the removal of this action, pursuant to 28 U.S.C. § 1446, to the United States District Court for the Western District of Texas, San Antonio Division. As grounds for removal, Removing Defendant states as follows:

**I.
FACTUAL BACKGROUND & PROCEDURAL HISTORY**

1.1     According to Plaintiffs' Original Petition, on or about November 4, 2020, J.G., a four-year old with learning and physical disabilities, was allegedly strangled while using a Rifton Activity Chair 830 and subsequently died on November 8, 2020. *See Plaintiffs' Original Petition, Ex. B.*

1.2     On or about November 29, 2021, Plaintiffs Jennifer Gillis and Tory Gillis, Individually and on behalf of the Estate of J.G., a minor, filed their Original Petition in the 438th Judicial District Court of Bexar County, Texas, Cause No. 2021CI24542, alleging claims of negligence, negligence per se and gross negligence against defendants Community Products, LLC d/b/a Rifton Equipment, Church Communities NY Inc., North East Independent School District ("NEISD") and Medical Wholesale, LLC. *See id.* Plaintiffs also asserted that defendants Community Products, LLC d/b/a Rifton Equipment, Church Communities NY Inc., and Medical Wholesale, LLC manufactured, designed, distributed and/or sold the product at issue with design, manufacturing and/or marketing defects as well as breached certain express and implied warranties. *See id.* Plaintiffs sought monetary relief over $1,000,000.00. *See id.*

1.3     At the time Plaintiffs' petition was filed, diversity jurisdiction did not exist because defendant NEISD was identified as a governmental agency located in Bexar County, Texas and defendant Medical Wholesale, LLC was identified as a Texas limited liability company headquartered in San Antonio, Texas. As such, the case was not removable.

1.4     On December 13, 2021, Removing Defendant was served with citation and Plaintiffs' petition. By and through an agreement between Plaintiffs and Removing Defendant, Removing Defendant's deadline to file its Answer to Plaintiffs' petition was extended to January 31, 2022. *See Ex.E.*

1.5     On December 15, 2021, defendant NEISD filed its Original Answer and Plea to the Jurisdiction.

1.6     On December 31, 2021, defendant Medical Wholesale, LLC filed its Original Answer and Verified Denial.

1.7     On January 25, 2022, Plaintiffs filed their Notice of Nonsuit Without Prejudice as to defendant NEISD and defendant Medical Wholesale, LLC. Notice of nonsuit is effective to declare party subject to the motion a nonparty on date of filing. *See Bush, Trustee for Foundation School Fund v. Hines*, 594 S.W.3d 713, 714 (Tex. App. – Waco 2019, no pet.); *see also, Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006).

1.8     On January 31, 2022, Removing Defendant filed its Original Answer to Plaintiffs' petition. At that time, it was determined that the case was now removable as the only named defendants were Community Products, LLC d/b/a Rifton Equipment and Church Communities NY Inc., both identified as foreign corporations. *See Plaintiffs' Original Petition, Ex. B*. Defendant Church Communities NY Inc. has not been served and/or appeared in the lawsuit.

1.9     Removing Defendant files this notice of removal within the 30-day time-period required by 28 U.S.C. §1446(b)(3) (if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable).

1.10    Plaintiffs are individuals residing in Texas.

1.11    Removing Defendant Community Products, LLC d/b/a Rifton Equipment is a foreign Limited Liability Company with its principal place of business located at 101 Woodcrest Dr., Rifton, New York, 12471.

1.12    Removing Defendant is not a "citizen" of the State of Texas and does not have a principal place of business in the State of Texas.

1.13    As set forth below, diversity jurisdiction exists and Removing Defendant hereby timely removes this matter to Federal Court.

## II.
## PROCEDURAL REQUIREMENTS FOR REMOVAL

2.1 This suit may be properly removed to this Court under 28 U.S.C. § 144l(a) because this suit was pending in a state court located within the judicial district of the United States District Court for the Western District of Texas, San Antonio Division.

2.2 Removing Defendant was previously served with Plaintiffs' Original Petition and consents to the removal of this matter to Federal Court as evidenced by its counsel's signatures to this pleading.

2.3 As required by 28 U.S.C. § 1446(d), Removing Defendant is serving this Notice of Removal on all parties and will promptly file this Notice of Removal with the clerk of the 438th District Court of Bexar County, Texas.

2.4 All pleadings, process, orders and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a). *See Ex. B.*

## III.
## BASIS FOR REMOVAL

3.1 Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000). Plaintiffs are residents and citizens of the State of Texas. Removing Defendant is a foreign Limited Liability Company with its principal place of business in New York. Although not yet served and/or has not appeared in the lawsuit, Defendant Church Communities NY Inc. is a foreign corporation with its principle place of business in New York.

3.2 Removing Defendant is not a "citizen" of the State of Texas and does not have a principal place of business in the State of Texas.

3.3     In Plaintiffs' Original Petition, Plaintiffs state that they "seek monetary relief within the jurisdictional limits of this Court and over $1,000,000.00," which exceeds the federal jurisdictional amount in order to meet removal to federal court. When plaintiff's monetary demand is stated in the complaint, defendant can rely on that allegation to meet the jurisdictional requirement. *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996).

3.4     All pleadings, orders and other filings in this state court action are attached to this notice as required by 28 U.S.C. §1446(a) and Local Rule 81. *See Ex. B.* Additionally, Removing Defendant has filed herewith a list of all counsel of record, including the addresses, telephone numbers and the parties represented. *See Ex. C.*

3.5     Venue is proper in this district for removal under 28 U.S. C. §1441(a) because the state court where the action has been pending is located in this district.

3.6     Removing Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

## IV.
## JURY DEMAND

4.1     Removing Defendant hereby makes this Demand for a Jury trial.

## V.
## PRAYER

5.1     For the foregoing reasons, Defendant **COMMUNITY PRODUCTS, LLC d/b/a RIFTON EQUIPMENT** removes the action to this Federal Court and requests this case be placed on the docket of the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

BY: _____
JOHN A. GUERRA
State Bar No. 08576180
Email: jguerra@brock.law
MARK R. STRANDMO
State Bar No. 00786264
Email: mstrandmo@brock.law

**ATTORNEYS FOR DEFENDANT**
**COMMUNITY PRODUCTS, LLC d/b/a**
**RIFTON EQUIPMENT**

## CERTIFICATE OF SERVICE

I do hereby certify that on the 31st day of January 2022 we electronically filed ***Defendant's Notice of Removal*** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jason A. Itkin | Fax No. 713/222-3850 |
| Cory D. Itkin | Email: e-service@arnolditkin.com |
| Arnold & Itkin LLP | jaiteam@arnolditkin.com |
| 6009 Memorial Drive | jitkin@arnolditkin.com |
| Houston, Texas 77007 | citkin@arnolditkin.com |
| -AND- | |
| Jonathan D. Pauerstein | Fax No. 210/354-4034 |
| Christopher A. Wright | Email: jpauerstein@rpsalaw.com |
| Rosenthal Pauerstein Sandoloski Agather LLP | cwright@rpsalaw.com |
| 755 E. Mulberry, Suite 200 | |
| San Antonio, Texas 78212 | |
| ***Attorneys for Plaintiffs*** | |

_____
JOHN A. GUERRA
MARK R. STRANDMO