IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JENNIFER GILLIS and TORY GILLIS, Individually and on Behalf of the ESTATE OF J.G., A Minor<br><br>Plaintiffs,<br><br>vs.<br><br>COMMUNITY PRODUCTS, LLC d/b/a RIFTON EQUIPMENT, CHURCH COMMUNITIES NY, INC., NORTH EAST INDEPENDENT SCHOOL DISTRICT and MEDICAL WHOLESALE, LLC<br><br>Defendants. | § § § § § § § § § § § § § § § § | <br><br><br><br><br><br>SA-22-CV-00080-XR<br><br><br><br><br><br><br><br>JURY DEMANDED |

## DEFENDANT'S FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant COMMUNITY PRODUCTS, LLC d/b/a RIFTON EQUIPMENT, and pursuant to Rule CV-16(d) of the Local Court Rules of the United States District Court for the Western District of Texas, hereby files this Federal Rule of Civil Procedure 26 Report and would show unto this Court as follows:

**I.**

The Rule 26 Conference was held via telephone on Thursday, March 31, 2022. Cory Itkin attended on behalf of Plaintiffs. Celia E. Guerra attended on behalf of Defendant Community Products, LLC d/b/a Rifton Equipment.

The parties have conferred regarding all matters raised in Rule 26(f) and as to a Proposed Scheduling Order. However, as of the filing of this Report and the Proposed Scheduling Order, counsel for Plaintiffs have not yet indicated their agreement to and/or approval of the contents of this Report or the deadlines set forth in the Proposed Scheduling Order. Therefore, Defendant

Community Products, LLC d/b/a Rifton Equipment hereby submits this its Federal Rule of Civil Procedure 26 Report and Proposed Scheduling Order for the Court's consideration and approval:

**1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Please see Plaintiffs' Original Petition for the causes of action asserted in this matter, and the elements thereto.

As this matter was initially filed in a state district court in Bexar County, Texas, Defendant previously filed a General Denial as to all claims asserted. At this time, discovery has not yet begun, and Defendant has no further knowledge or information as to the causes of action asserted by Plaintiffs. Defendant anticipates amending its Answer to specifically admit or deny the allegations in Plaintiffs' petition, or any amendments thereto, and to assert any applicable defenses by the proposed deadline of January 16, 2023.

**2. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**

   **a. Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

   **b. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

There are no outstanding jurisdictional issues. The parties agree that the amount in controversy exceeded $75,000 at the time of removal. The parties have confirmed that diversity exists amongst the parties.

**3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

Defendant Church Communities NY, Inc. has not yet been served.

**4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

Not at this time.

**5. Are there any legal issues in this case that can be narrowed by agreement or by motion?**

Not at this time.

**6.     Are there any issues about preservation of discoverable information?**

The following shall be preserved throughout the duration and pendency of this matter: the Rifton Activity Chair at issue, along with any and all accessories, manuals, instructions, etc. related to the use of the Rifton Activity Chair at issue, that were provided to and/or in the care, custody, control of Plaintiffs.

**7.     Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

There are no issues related to disclosure or discovery of electronically stored information (ESI) at this time. ESI shall be produced in accordance with Federal Rule of Civil Procedure 34.

**8.     What are the subjects on which discovery may be needed?**

Discovery may be needed on the following subjects:
- Manner and circumstances in which the underlying incident occurred and the sequence of events relating thereto.
- Manner and circumstances in which the Rifton Activity Chair at issue, along with any and all accessories, manuals, instructions, etc. related to the use of the Rifton Activity Chair at issue, came into the possession, custody, control of Plaintiff.
- Plaintiffs' allegations against Defendant related to:
    o Improperly recommending, ordering, loaning, leasing and/or delivering the chair in question;
    o Failing to discovery dangers of the Rifton Activity Chair and its component parts that Defendants knew or should have known about;
    o Failing to disclose dangers of the Rifton Activity Chair and its component parts that Defendants knew or should have known about;
    o Failing to provide adequate equipment;
    o Failing to inspect the Rifton Activity Chair and its component parts;
    o Failing to properly maintain the Rifton Activity Chair and its component parts;
    o Failing to hire qualified and adequately trained employees and/or agents;
    o Failing to properly train their employees and/or agents;
    o Failing to supervise their employees and/or agents;
    o Failing to create and/or enforce adequate safety policies and procedures;
    o Failing to take proper action to prevent the incident in question;
    o Failing to provide adequate instructions to Plaintiffs;
    o Failing to provide adequate warnings to Plaintiffs;
    o Vicariously liable for their employees and/or agents;
    o Violating applicable government regulations, laws, and rules; and
    o Other acts deemed negligent and grossly negligent.
- Plaintiffs' allegations that Defendant manufactured, designed, distributed and/or sold the Rifton Activity Chair and its component parts with design, manufacturing and/or marketing defects.
- Plaintiffs' allegations that Defendant breached certain express and implied warranties

- regarding the Rifton Activity Chair and its component parts.
- Pre-existing medical conditions of decedent, J.G., a minor, and the medical, educational, supervisory and/or therapeutic needs of decedent, J.G., a minor, prior to the date of the incident at issue.
- Injuries and damages sustained by decedent, J.G., a minor, prior to his death, allegedly as a result of the incident at issue.
- Nature of claims asserted and damages sustained by the Estate of J.G., a minor, as prescribed by Texas Civil Practice & Remedies Code Chapter 71, Subchapter B.
- Nature of claims asserted and damages sustained by the wrongful death beneficiaries of decedent J.G., a minor, as prescribed by Texas Civil Practice & Remedies Code Chapter 71, Subchapter A.
- Any and all matters that are relevant to any party's claim or defense in this case.

**9.     Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

Plaintiffs served Defendant with their Initial Disclosures on March 2, 2022. Defendant Community Products, LLC d/b/a Rifton Equipment served Plaintiffs with its Initial Disclosures on April 14, 2022.

**10.     What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

The Parties have not completed any discovery at this time. The Parties need to conduct initial written discovery, depositions of fact witnesses, and expert depositions, as necessary. Initial written discovery requests will be exchanged by the Parties on or before April 30, 2022. The Parties anticipate completing the depositions of fact witnesses on or before November 30, 2022. The Parties anticipate completing the depositions of expert witnesses and all other discovery on or before February 28, 2023.

**11.     What, if any, discovery disputes exist?**

None at this time.

**12.     Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The Parties have discussed the desirability of filing a proposed order, believe that such an order will be necessary, and will submit a proposed order.

**13.     Have the parties discussed early mediation?**

As no discovery has been conducted in this case, the Parties believe that mediation is not practical at this time.

14. **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

A confidentiality and protective order is necessary to protect certain confidential, proprietary and business information and/or trade secrets that bear significantly on the Defendant's claims or defenses. The Parties will submit a proposed order. Otherwise, at this time, there are no other scheduling or discovery items requiring the court's attention.

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

BY: /s/ Celia Guerra
JOHN A. GUERRA
State Bar No. 08576180
Email: jguerra@brock.law
MARK R. STRANDMO
State Bar No. 00786264
Email: mstrandmo@brock.law
CELIA E. GUERRA
State Bar No. 24069756
Email: cguerra@brock.law

**ATTORNEYS FOR DEFENDANT**
**COMMUNITY PRODUCTS, LLC d/b/a**
**RIFTON EQUIPMENT**

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on the 18th day of April 2022 we electronically filed ***Defendant's Federal Rule of Civil Procedure 26 Report*** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jason A. Itkin | Fax No. 713/222-3850 |
| Cory D. Itkin | Email: e-service@arnolditkin.com |
| Arnold & Itkin LLP |       jaiteam@arnolditkin.com |
| 6009 Memorial Drive |       jitkin@arnolditkin.com |
| Houston, Texas 77007 |       citkin@arnolditkin.com |
| -AND- | |
| Jonathan D. Pauerstein | Fax No. 210/354-4034 |
| Christopher A. Wright | Email: jpauerstein@rpsalaw.com |
| Rosenthal Pauerstein Sandoloski Agather LLP |       cwright@rpsalaw.com |
| 755 E. Mulberry, Suite 200 | |
| San Antonio, Texas 78212 | |
| ***Attorneys for Plaintiffs*** | |

                                            */s/ Celia Guerra*
                                            JOHN A. GUERRA
                                            MARK R. STRANDMO
                                            CELIA E. GUERRA