**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| Jennifer Gillis and Tory Gillis, | § | |
| Individually and on behalf of the | § | |
| Estate of J.G., a minor, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | Case 5:22-cv-00080-DAE |
| Community Products, LLC d/b/a Rifton | § | |
| Equipment, Church Communities NY Inc., | § | |
| North East Independent School District, | § | |
| and Medical Wholesale, LLC, | § | |
| | § | |
| *Defendants.* | § | |

**Plaintiffs' Unopposed Motion to Extend the Deadline to Respond to
Defendant Church Communities NY Inc.'s Motion to Dismiss so Plaintiffs
<u>May Conduct Jurisdictional Discovery</u>**

Plaintiffs respectfully request that the Court to grant their unopposed motion for limited

jurisdictional discovery and to extend their deadline for filing a response to Defendant Church

Communities NY Inc.'s 12(b)(2) Motion to Dismiss by 70 days because:

1. The Court has broad discretion to allow jurisdictional discovery when a defendant challenges personal jurisdiction and Defendant Church Communities NY Inc. ("Church Communities") does not oppose Plaintiff's request;

2. Publicly available information indicates that Defendant Church Communities NY Inc. ("Church Communities") has a complicated business and legal structure that can only be further understood by jurisdictional discovery.  and

3. This limited publicly available information also strongly indicates that Church Communities is an alter ego of Community Products.  However, without jurisdictional discovery, it would be impossible for Plaintiffs to prove or disprove alter ego status.

## I.

## Background

This case arises out of a tragic, wrongful death of a minor child.  On or about November 4, 2020, J.G., a four-year-old with learning and physical disabilities, was strangled to death by the Rifton Activity Chair 830 he was using.  The Rifton Activity Chair in use at the time of the tragic incident resulting in J.G.'s death is believed to have been designed, manufactured, distributed, marketed, and sold by Community Products and Church Communities.  Plaintiffs sued these entities for their product's role in causing the wrongful death of their son.

Church Communities filed a 12(b)(2) Motion to Dismiss alleging lack of personal jurisdiction on June 3, 2022.  *See* Doc. #11.  The essence of Church Communities' argument is that it had no involvement with the product at issue and is merely the parent company of the entity that was involved.  *See id*.  However, upon information and belief, Church Communities has conducted and continues to conduct a substantial amount of business in Texas, specifically through their sales and distribution of their adaptive equipment such as the Rifton Activity Chair 830.  But Church Communities' complicated business structure makes it difficult to ascertain which entities are involved in the business operations that lead to J.G.'s tragic death.

Based on publicly available information alone, Plaintiffs believe limited jurisdictional discovery will aid them in fully demonstrating the required minimum contact to establish personal jurisdiction.  In the alternative, Plaintiffs also expect such discovery to reveal that Church Communities and Community Products are alter egos of each other, and therefore personal jurisdiction attaches to both parties.  Plaintiffs respectfully request that the Court grant Plaintiffs the ability to conduct limited jurisdictional discovery and continue the hearing on the Motion to Dismiss until after such discovery is complete.

## II.

### The Court Should Grant Plaintiff's Motion

The Court "has broad discretion to permit a party to conduct jurisdictional discovery." *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982).  Moreover, Church Communities does not oppose Plaintiffs' motion.  And, Plaintiffs have already sent written jurisdictional discovery requests and requested the deposition of a corporate representative who can testify on a variety of jurisdictional issues. *See* Ex. A.  Plaintiffs believe that the jurisdictional discovery will show the connection between Church Communities and Community Products. Consequently, Plaintiffs respectfully request that the Court grant this motion.

## III.

### Conclusion

The Court should grant Plaintiffs' motion to conduct limited jurisdictional discovery and extend Plaintiffs' deadline for filing a response to Church Communities 12(b)(2) Motion to Dismiss pending the limited discovery.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Cory D. Itkin*
Jason A. Itkin
Texas Bar No. 24032461
Cory D. Itkin
State Bar No. 24050808
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jaiteam@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I certify that counsel for Plaintiffs has conferred with counsel for Defendants in a good faith effort to resolve the issue raised in this motion and that counsel for Defendants is unopposed as to the disposition of this motion.

*/s/ Cory Itkin*
Cory Itkin

## CERTIFICATE OF SERVICE

This is to certify that on June 16, 2022, the foregoing was electronically filed the with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to all parties by operations of the Court's Electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Cory D. Itkin*
Cory D. Itkin