UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Jennifer Gillis and Tory Gillis, | § | |
| Individually and on behalf of the | § | |
| Estate of J.G., a minor, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Case 5:22-cv-00080-DAE |
| Community Products, LLC d/b/a Rifton | § | |
| Equipment, Church Communities NY Inc., | § | |
| North East Independent School District, | § | |
| and Medical Wholesale, LLC, | § | |
| | § | |
| Defendants. | § | |

## Plaintiffs' Reply to Plaintiff's Unopposed Motion to Extend Deadline to Respond to Defendant Church Communities NY, Inc.'s Motion to Dismiss so <u>Plaintiffs May Seek Jurisdictional Discovery</u>

Plaintiffs' respectfully request the Court grant their Unopposed Motion to Extend Deadline to Respond to Defendant Church Communities NY, Inc.'s Motion to Dismiss because:

1. Despite its response brief, it is clear that Church Communities still does *not* oppose the extension Plaintiffs requested. Nor does Church Communities oppose Plaintiffs' request to conduct jurisdictional discovery.

2. Instead, Church Communities merely claims that some, but not all, of Plaintiffs' proposed jurisdictional is overly broad. Plaintiffs disagree. But disputes about the proper scope of discovery are classic issues for the Parties to attempt to resolve before burdening the Court (which Plaintiffs' counsel has offered to do).

3. Since Church Communities does not oppose the extension and does not, in a general sense, oppose jurisdictional discovery, the only dispute for the Court to resolve is the proper scope of the jurisdictional discovery. And, even that dispute will only become ripe if counsel cannot resolve the issue on their own.

4.   The Court should direct Church Communities to respond to the discovery requests it finds unobjectionable and have the Parties confer on the remaining discovery requests. The Parties can then bring any discovery disputes – which will hopefully be narrowed if not eliminated – to the Court to resolve.

## **Argument**

Plaintiffs filed a product liability claim against Defendant Church Communities NY, Inc. ("Church Communities") that alleged Church Communities was responsible for the death of their disabled, four-year old child. Church Communities responded by filing a Motion to Dismiss for lack of personal jurisdiction. *See* Doc. #11. The essence of Church Communities' argument is that it supposedly had no involvement with the product at issue and is merely owns a controlling interest in the entity that was involved. *See id*.

When the motion was filed, Plaintiffs' counsel reached out to Church Communities counsel to find out whether Church Communities opposed a 70 day extension of Plaintiffs' deadline to respond so Plaintiffs could conduct jurisdictional discovery. Ex. A (e-mail chain). In doing so, Plaintiffs' counsel was straightforward about what type of jurisdictional discovery was being requested. Plaintiffs informed Church Communities that Plaintiffs wanted to conduct written discovery and depose a corporate representative. *Id*. Plaintiffs also provided the topics for the corporate representative deposition. *Id*. Church Communities responded as follows:



*Id.* (emphasis added).

In response to that e-mail, Plaintiffs noted that they are "[h]appy to work with you on the topics for the depo." *Id.* Plaintiffs then filed an Unopposed Motion to Extend Deadline to Respond to Defendant Church Communities NY, Inc.'s Motion to Dismiss so Plaintiffs May Conduct Jurisdictional Discovery ("Unopposed Motion"). *See* Dkt. 12. Instead of "follow[ing] up with a list of specific topics of concern," though, Church Communities filed a response to Plaintiffs' motion. *See* Dkt. 13.

In its response brief, Church Communities does not appear to be backtracking on its prior agreement.[1] *See id.* Instead, it appears that Church Communities is really just opposing the scope of discovery proposed by Plaintiffs. Specifically, Church Communities objects to "any discovery on the issue of alter ego," but recognizes that discovery "whether Defendant Church Communities distributed, marketed and/or sold the specific product at issue (i.e.,

---

[1] At least, one would hope that is not the case.

Rifton Activity Chair 830) in Texas" would be proper. *Id*. at ¶ 13. Church Communities reiterates this point in the Exhibit it attached to its response brief – i.e. a heavily redlined version of Plaintiffs' discovery requests that outlines Church Communities view of the proper scope of jurisdictional discovery. *See* Dkt. 13-1.[2]

Church Communities view on the proper scope of discovery is misguided. But, even if Church Communities were correct (which Plaintiffs dispute), they still acknowledge that *some* jurisdictional discovery should be allowed and that the Court should grant Plaintiffs' motion for an extension. Consequently, Plaintiffs' respectfully request that the Court grant Plaintiffs' motion.

As for Church Communities' objections regarding discovery regarding alter-ego status, that is an issue that should be resolved via normal discovery practice and, *only if necessary*, motion practice. In other words, Church Communities should respond to the discovery requests that it has no objection to and lodge proper objections to the discovery requests that it believes are improper. *See* FED. R. CIV. P. 30(b)(6); FED. R. CIV. P. 33(b); FED. R. CIV. P. 34(b)(2). Of course, if Church Communities believes a discovery request is only partially proper, then it should properly respond to the part of the request for which there is no objection. *See* FED. R. CIV. P. 34(b)(2)(C) ("An objection to part of a request must specify the part and permit inspection of the rest."). If a dispute arises over Church Communities' objections, the parties can confer in attempt to resolve the dispute informally without the necessity of taking

---

[2] Despite Church Communities' characterization of Plaintiffs' discovery requests as "abusive," Church Communities' exhibit confirms that the actual written discovery requests consist of just 8 interrogatories and 6 requests for production. This is hardly "abusive."

up the Court's time.  *See* FED. R. CIV. P. 37(a)(1).  There is no reason why this routine practice should not be followed here.

## Conclusion

Plaintiffs request that this Court grant Plaintiffs' motion for an extension so they may conduct jurisdictional discovery.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Cory D. Itkin*
Jason A. Itkin
Texas Bar No. 24032461
Cory D. Itkin
State Bar No. 24050808
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jaiteam@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on June 29, 2022, the foregoing was electronically filed the with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to all parties by operations of the Court's Electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Cory D. Itkin*
Cory D. Itkin