IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JENNIFER GILLIS and TORY GILLIS, Individually and on Behalf of the ESTATE OF J.G., A Minor § § § § § Plaintiffs, § § vs. § § COMMUNITY PRODUCTS, LLC d/b/a § RIFTON EQUIPMENT, CHURCH § COMMUNITIES NY, INC., NORTH EAST § INDEPENDENT SCHOOL DISTRICT § and MEDICAL WHOLESALE, LLC § § Defendants. § | | SA-22-CV-00080-DAE<br><br><br><br><br><br>JURY DEMANDED |

## JOINT ADVISORY

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME Plaintiffs JENNIFER GILLIS and TORY GILLIS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF J.G., A MINOR and Defendant CHURCH COMMUNITIES NY INC., subject to its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and without waiving same, and hereby file this Joint Advisory pursuant to the Court's Order, Docket No. 15, and would show unto this Court as follows:

1. Pursuant to the Court's Order of July 6, 2022, Docket No. 15, the parties conferred via telephone on July 7, 2022. Cory Itkin attended on behalf of Plaintiffs. Celia E. Guerra attended on behalf of Defendant Church Communities NY Inc.

2. The parties are unable to come to an agreement regarding Plaintiffs' proposed jurisdictional discovery requests relating to an alleged alter-ego relationship between Defendant Church Communities NY Inc. and Defendant Community Products, LLC d/b/a Rifton Equipment.

3. Plaintiffs' position with respect to alter-ego relationship discovery requests is that Church Communities NY Inc.'s main argument is that Plaintiffs have not properly pleaded an alter-ego theory or provided sufficient facts to justify discovery on this topic. But Plaintiffs' operative pleading was filed in state court, where such allegations are not required. To the extent that such allegations are required now that the case has been removed to federal court, Plaintiffs should be allowed to amend the Complaint to supply the necessary allegations. Afterall, this case is in its infancy and no deadlines to amend the pleadings have expired. Plaintiffs can file a Motion for Leave to Amend the Complaint in short order and the factual allegations necessary to support discovery into the alter-ego theory can be provided in the motion and/or amended complaint. This will moot Church Communities NY Inc.'s argument.

4. Defendant Church Communities NY Inc.'s position with respect to alter-ego relationship discovery requests is as follows:

   a. Plaintiffs have made no alter ego or veil-piercing allegations in their Original Petition, and a party should not be permitted to conduct discovery to support an allegation that does not exist in its pleading. *See* Fed. R. Civ. P. 26(b)(1). Discovery based on the unpled veil-piercing theory is thus not proper. *See Ogbonna v. USPLabs, LLC,* No. EP-13-CV-347-KC, 2014 WL 2592097 at *6 (W.D. Tex. June 10, 2014).

   b. Additionally, Plaintiffs have offered no evidence that the corporate structures or forms of Defendant Church Communities and Defendant Community Products are being disregarded. Plaintiffs have presented no evidence whatsoever that Church Communities "so controls the activities of" Community Products that Community Products' contacts with Texas may be attributed to Church Communities. Furthermore, the affidavit of Church Communities' President, Jeremy Scott, negates the possibility that Church Communities is the alter ego of Community Products, and Plaintiffs offer no basis whatsoever to support an inference that the deposition testimony of a Church Communities' corporate representative would contradict that sworn statement. *See Kelly v. Syria Shell Petrol. Dev. B.V.,* 213 F.3d 841, 857 (5th Cir. 2000) (affirming district court's denial of plaintiffs' request for additional discovery to support their alter ego theory where plaintiffs' failed to make a preliminary showing to justify further discovery).

   c. Jurisdictional discovery on the scope of a parent-subsidiary relationship is inappropriate in the absence of some initial showing of an alter-ego relationship, such

as an "unusually high degree of control" over the subsidiary or the failure to observe corporate formalities. *See, e.g., Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 857 (5th Cir. 2000). Plaintiffs have failed to provide sufficient allegations to demonstrate a minimal showing of an alter-ego relationship so as to warrant such discovery and thus any alter ego jurisdictional discovery requests should be stricken. Therefore, Plaintiffs' Interrogatories and Request for Production, as currently worded, should be stricken and Plaintiffs should not be allowed to depose a corporate representative of Defendant Church Communities on the issue of alter ego.

Respectfully submitted,

**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, Texas 77007
(713) 222-3800 Telephone
(713) 222-3850 Facsimile

BY:   /s/ Cory D. Itkin
    JASON A. ITKIN
    State Bar No. 24032461
    Email: jitkin@arnolditkin.com
    CORY D. ITKIN
    State Bar No. 24050808
    Email: citkin@arnolditkin.com
    Email: e-service@arnolditkin.com

-AND-

**ROSENTHAL PAUERSTEIN SANDOLOSKI AGATHER LLP**
755 E. Mulberry, Suite 200
San Antonio, Texas 78212
(210) 225-5000 Telephone
(210) 354-4034 Facsimile

BY:_____
    JONATHAN D. PAUERSTEIN
    State Bar No. 15637500
    Email: jpauerstein@rpsalaw.com
    mailto:jitkin@arnolditkin.com
    CHRISTOPHER A. WRIGHT
    State Bar No. 24082114
    Email: cwright@rpsalaw.com

**ATTORNEYS FOR PLAINTIFFS**

**BROCK ♦ GUERRA STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

BY:   /s/ Celia E. Guerra
    JOHN A. GUERRA
    State Bar No. 08576180
    Email: jguerra@brock.law
    MARK R. STRANDMO
    State Bar No. 00786264
    Email: mstrandmo@brock.law
    CELIA E. GUERRA
    State Bar No. 24069756
    Email: cguerra@brock.law

**ATTORNEYS FOR DEFENDANTS COMMUNITY PRODUCTS, LLC d/b/a RIFTON EQUIPMENT and CHURCH COMMUNITIES NY INC.**