IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JENNIFER GILLIS and TORY GILLIS, Individually and on Behalf of the ESTATE OF J.G., A Minor<br><br>Plaintiffs,<br><br>vs.<br><br>COMMUNITY PRODUCTS, LLC d/b/a RIFTON EQUIPMENT, CHURCH COMMUNITIES NY, INC., NORTH EAST INDEPENDENT SCHOOL DISTRICT and MEDICAL WHOLESALE, LLC<br><br>Defendants. | §§§§§§§§§§§§§§§ | SA-22-CV-00080-DAE<br><br><br><br><br><br><br><br><br><br><br>JURY DEMANDED |

## DEFENDANT'S OPPOSED MOTION TO COMPEL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant COMMUNITY PRODUCTS, LLC, and files this Opposed Motion to Compel, in support of which it would respectfully show the Court as follows:

**I.
PROCEDURAL HISTORY AND STATEMENT OF FACTS**

1. This case stems from an incident that occurred on November 4, 2020, wherein J.G., a four-year old with learning and physical disabilities, was allegedly strangled while using a Rifton Activity Chair 830 and subsequently died on November 8, 2020. Plaintiffs Jennifer Gillis and Tory Gillis, Individually and on behalf of the Estate of J.G., a minor, sued Defendant Community Products, LLC alleging the subject product was defectively designed, manufactured and/or distributed and that such defect(s) caused Plaintiffs' injuries and damages.

2. In May 2022, Plaintiffs were served with Interrogatories and Request for Production directed at Plaintiffs, Individually and on behalf of the Estate of J.G. In June 2022,

Plaintiffs served Defendant with initial responses to Interrogatories and Request for Production.

3.      On August 1, 2022, the undersigned counsel sent correspondence to Plaintiffs' counsel regarding certain discovery responses wherein Plaintiffs had improperly objected and/or failed to provide complete responses. *See* Exhibit A. On August 15, 2022, Defendant was served with Plaintiff Jennifer Gillis' First Supplemental Answers and Objections to Interrogatories as well as Plaintiff Tory Gillis' First Supplemental Answers and Objections to Interrogatories.

4.      On September 26, 2022, and again on October 19, 2022, the undersigned counsel sent correspondence to Plaintiffs' counsel regarding unresolved issues and deficiencies with Plaintiffs' responses to certain discovery requests. *See* Exhibit B and Exhibit C.

5.      As of the filing of this motion, Plaintiffs have not provided amended and/or supplemental responses to the discovery requests at issue. In fact, to date Plaintiffs have produced only 78 pages of documents consisting of J.G.'s birth certificate and death certificate, one photo of the activity chair at issue, photos of Jennifer and Tory Gillis' driver's licenses, Probate Court filings related to the Estate of J.G., hospital billing and radiology records, funeral home records, and the medical examiner's records.

6.      Defendant submits that its discovery requests are within the scope of discovery allowed by the Federal Rules of Civil Procedure and seek information and documents which are relevant to the evaluation and preparation of Defendant's defense to this lawsuit. Furthermore, the parties are beginning depositions in this matter, with Defendant's corporate representatives scheduled for deposition on November 8-9, 2022, and Plaintiffs scheduled for deposition on December 14-15, 2022. For the reasons set forth herein, Defendant respectfully requests this Court enter an order striking Plaintiffs' improper and unfounded objections to the discovery requests at issue and compelling Plaintiffs to respond in a full and complete manner.

## II.
## MOTION TO COMPEL

7. Federal Rule of Civil Procedure ("Rule") 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

8. If a party does not respond to discovery requests, the requesting party may file a motion to compel. FED. R. CIV. P. 37(a)(3)(B). For purposes of a motion to compel, an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. FED. R. CIV. P. 37(a)(4).

## III.
## INTERROGATORIES TO PLAINTIFF JENNIFER GILLIS

9. Defendant contends that Plaintiff Jennifer Gillis has asserted improper objections and failed to fully respond to Defendant's Interrogatories Nos. 14 and 15 regarding treatment for injuries resulting from this incident as well as her prior treatment history. *See* Exhibit D.

10. Plaintiff Jennifer Gillis is seeking to recover damages for personal injuries such as past and future emotional distress and mental anguish, and past and future medical expenses. As such, Defendant contends that the requested information is relevant to Jennifer's claims as well as to Defendant's evaluation and preparation of its defense. Furthermore, the requests are appropriately tailored so as not to be considered overly broad or unduly burdensome. In fact, in Plaintiff Tory Gillis' supplemental responses to the very same Interrogatories, he removed his prior objections and provided responsive information related to his treating healthcare providers. *See* Exhibit E, p. 6. Thus, Defendant requests that the Court strike Plaintiff Jennifer Gillis' objections to Interrogatories Nos. 14 and 15, and order Plaintiff to fully respond to said requests.

## IV.
## REQUESTS FOR PRODUCTION TO PLAINTIFFS

**A.     Authorizations for disclosure of J.G.'s medical and school records**

11.     Defendant contends that Plaintiffs have failed to properly respond to Request for Production Nos. 20, 37, 38 and 60 regarding production of Authorizations allowing for disclosure of medical and/or school records pertaining to the minor child J.G., Tory Gillis and/or Jennifer Gillis. *See* Exhibit F.

> **REQUEST FOR PRODUCTION NO. 20:** Produce a Medical Authorization permitting the full disclosure of medical records, reports, x-rays, or other health care documentation for J.G. A Medical Authorization is attached and can be used to respond to this request.
>
> **RESPONSE:** Please see attached.
>
> **REQUEST FOR PRODUCTION NO. 37:** If Jennifer Gillis received any type of medical treatment/mental health treatment for the injuries and damages that are claimed in this lawsuit, please produce a Medical Authorization permitting the full disclosure of Jennifer Gillis' medical records, reports, x-rays, or other health care documentation. A Medical Authorization is attached and can be used to respond to this request.
>
> **RESPONSE:** Please see attached.
>
> **REQUEST FOR PRODUCTION NO. 38:** If Tory Gillis received any type of medical treatment/mental health treatment for the injuries and damages that are claimed in this lawsuit, please produce a Medical Authorization permitting the full disclosure of Tory Gillis' medical records, reports, x-rays, or other health care documentation. A Medical Authorization is attached and can be used to respond to this request.
>
> **RESPONSE:** Please see attached.
>
> **REQUEST FOR PRODUCTION NO. 60:** Any and all documents relating to J.G.'s attendance and/or enrollment at any school, day care and/or program, including but not limited to, records of attendance, report cards, test scores, evaluations, correspondence, and disciplinary notes and records. An Authorization is attached and can be used to respond to this request.
>
> **RESPONSE:** Please see attached.

12.     In response to these requests, Plaintiffs did not assert any objections or privileges, and stated that responsive documents were attached to the responses. Yet, responsive documents have never been produced despite repeated requests. *See* Exhibit G; *see also,* Exhibits A, B and C. Defendant requests that the Court order Plaintiffs to produce the fully executed authorizations.

**B.     J.G.'s Medical Records**

13.     Defendant contends that Plaintiffs have asserted improper objections and failed to properly respond to Requests for Production Nos. 8, 10, 18 and 19 related to production of medical

records for the minor child J.G., including production of medical records related to treatment for injuries sustained in the incident made the basis of this lawsuit.

> **REQUEST FOR PRODUCTION NO. 8:** Produce copies of any medical, EMS or hospital records relating to examination or treatment of J.G. in connection with injuries sustained in the incident made the basis of this lawsuit.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint and the documents exchanged in this case.

> **REQUEST FOR PRODUCTION NO. 10:** Any and all documents and/or communications that you intend to rely upon to establish that J.G. experienced a period of conscious pain and suffering prior to his death.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.

> **REQUEST FOR PRODUCTION NO. 18:** Any and all documents relating to J.G.'s medical history and/or medical condition(s).
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.

> **REQUEST FOR PRODUCTION NO. 19:** Any and all documents relating to any prescription or over-the-counter medication taken by J.G. for the period of two (2) years prior to the date of the incident.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.

14. Defendant contends that discovery related to J.G.'s medical history is critical to Defendant's evaluation and preparation of its defense. Furthermore, Plaintiffs seeks to recover damages related to J.G.'s pre-death physical pain, mental anguish and medical expenses – yet Plaintiffs have produced no medical records, pre-incident or post-incident, related to J.G. Defendant requests that the Court strike Plaintiffs' objections to Requests for Production Nos. 8, 10, 18 and 19, and order Plaintiffs to fully respond to said requests.

## C. Medical and Mental Health Records for Jennifer and Tory Gillis

15. Defendant contends that Plaintiffs have asserted improper objections and failed to properly respond to Requests for Production Nos. 29, 30, 31, and 32 related to production of medical and/or mental health records for Plaintiffs Jennifer and Tory Gillis related to treatment for injuries sustained in the incident made the basis of this lawsuit.

> **REQUEST FOR PRODUCTION NO. 29:** Please produce copies of all medical reports, medical records, billing records, and documents of any physician or health care professional treating Jennifer Gillis and of any hospital to which Jennifer Gillis has been admitted concerning the diagnosis and treatment of any physical or mental injuries which Jennifer Gillis claims resulted from the incident in question or which are reasonably related to the injuries or damages asserted.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.
>
> **REQUEST FOR PRODUCTION NO. 30:** Please produce copies of all medical reports, medical records, billing records, and documents of any physician or health care professional treating Tory Gillis and of any hospital to which Tory Gillis has been admitted concerning the diagnosis and treatment of any physical or mental injuries which Tory Gillis claims resulted from the incident in question or which are reasonably related to the injuries or damages asserted.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.
>
> **REQUEST FOR PRODUCTION NO. 31:** If Jennifer Gillis has seen a counselor, psychologist, therapist, psychiatrist, social worker or clergy member as a result of this incident and/or the damages that she is claiming therefrom, please provide all documents and records from that individual or those individuals.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.
>
> **REQUEST FOR PRODUCTION NO. 32:** If Tory Gillis has seen a counselor, psychologist, therapist, psychiatrist, social worker or clergy member as a result of this incident and/or the damages that he is claiming therefrom, please provide all documents and records from that individual or those individuals.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.

16. Plaintiffs seeks to recover damages related to their past and future medical expenses, mental anguish and emotional distress – yet they object to production of medical and/or mental health records related to treatment for injuries asserted in this lawsuit and have failed to

produce any responsive records. Defendant contends that discovery related to Jennifer and Tory's medical and/or mental health records is critical to Defendant's evaluation and preparation of its defense. As such, Defendant requests the Court strike Plaintiffs' objections to Requests Nos. 29, 30, 31 and 32, and order Plaintiffs to fully respond to said requests.

**D.    Liens Related to Plaintiffs' Medical / Mental Health Treatment arising from Incident**

17.    Defendant contends that Plaintiffs have asserted improper objections and failed to properly respond to Requests for Production No. 64 seeking documents regarding liens related to Plaintiffs' medical or mental health care arising from the underlying incident.

> **REQUEST FOR PRODUCTION NO. 64:** Any and all documents and/or communications relating to any provider liens, Medicaid liens, or any other liens or claims relating to Plaintiffs' medical or mental health care arising from the underlying incident.
>
> **RESPONSE:** Plaintiffs object to this discovery request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it violates the collateral source rule.

18.    Plaintiffs seek to recover damages related to J.G.'s medical expenses as well as their own past /future medical expenses – yet they have objected to this request and failed to produce any responsive documents. Defendant contends that this request seeks information and documents critical to Defendant's evaluation and preparation of its defense. Defendant requests the Court strike Plaintiffs' objections to Requests No. 64, and order Plaintiffs to fully respond.

**E.    Content on Social Networking Sites**

19.    Defendant contends that Plaintiffs have asserted improper objections and failed to properly respond to Requests Nos. 26, 27 and 28 related to content on social networking sites which relate to J.G., the underlying incident and/or Plaintiffs' claims in this lawsuit.

> **REQUEST FOR PRODUCTION NO. 26:** Please produce all photographs posted, uploaded, or otherwise added to any social networking sites, applications, or blogs (including, but not limited to, Facebook, Snapchat, Twitter, LinkedIn, Instagram, Pinterest, YouTube, or any similar sites or applications) that mention or in any way relate to J.G., the underlying incident, its cause or its consequences, and/or any of the claims that you are making in this lawsuit, including but not limited to your claims for liability, injuries and damages.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.

> **REQUEST FOR PRODUCTION NO. 27:** Please produce all communications posted, uploaded, or otherwise added to any social networking sites, applications, or blogs (including, but not limited to, Facebook, Snapchat, Twitter, LinkedIn, Instagram, Pinterest, YouTube, or any similar sites or applications) that mention or in any way relate to J.G., the underlying incident, its cause or its consequences, and/or any of the claims that you are making in this lawsuit, including but not limited to your claims for liability, injuries and damages.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.
>
> **REQUEST FOR PRODUCTION NO. 28:** Please produce all postings by Plaintiffs on any social media site or application (including, but not limited to, Facebook, Snapchat, Twitter, LinkedIn, Instagram, Pinterest, YouTube, or any similar sites or applications) that mention or in any way relate to J.G., the underlying incident, its cause or its consequences, and/or any of the claims that you are making in this lawsuit, including but not limited to your claims for liability, injuries and damages.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.

20. Plaintiffs' prior postings related to J.G., the underlying incident and/or Plaintiffs' claims for liability, injuries and damages are certainly relevant to this matter. Defendant contends that this request seeks information and documents critical to Defendant's evaluation and preparation of its defense. As such, Defendant requests that the Court strike Plaintiffs' objections to Requests for Production No. 26, 27 and 28, and order Plaintiffs to fully respond to said requests.

**F.     Statements and Records Related to Underlying Incident**

21. Defendant contends that Plaintiffs have asserted improper objections and failed to properly respond to Requests for Production Nos. 7, 12, 13, 16, 49 and 61 seeking materials directly related to the underlying incident.

> **REQUEST FOR PRODUCTION NO. 7:** All documents that contain any form of a statement regarding how the incident made the basis of this suit took place or the injuries/damages suffered by Plaintiffs as a result of the incident. (This request does not seek attorney/client communications.)
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Plaintiff further objects as this request calls for production of materials protected by the work product privilege. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.
>
> **REQUEST FOR PRODUCTION NO. 12:** Copies of any and all documents, photographs, drawings, diagrams, audio or video recordings, or any other item of tangible physical evidence obtained from police, fire, or other municipal, county, state, or governmental agency regarding the incident made the basis of this lawsuit.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.

> **REQUEST FOR PRODUCTION NO. 13:** Copies of any and all documents and/or communications relating to any records, reports, citations, complaints, written warnings or notices of violation generated by any local, state, or federal fire or police department, or other governmental agency, department or unit as a result of or arising out of the underlying incident.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.
>
> **REQUEST FOR PRODUCTION NO. 16:** Produce a copy of any and all documents, photographs, drawings, diagrams, sketches, electronic recordings, video tapes, or audio tapes which pertain in any way to the incident in question, the incident scene or the damage issues involved in this lawsuit.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.
>
> **REQUEST FOR PRODUCTION NO. 49:** Please produce copies of any documents, photographs, drawings, diagrams, audio or video recordings, or any other item of tangible physical evidence obtained via authorization, affidavit, subpoena and/or deposition on written question regarding the incident made the basis of this lawsuit or relating to any other issue which is pertinent to this lawsuit. This request specifically includes copies of the executed authorization, affidavit, subpoena and/or deposition on written question corresponding to the responsive documents and/or tangible evidence.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.
>
> **REQUEST FOR PRODUCTION NO. 61:** Any and all documents and/or communications you have received from any Freedom of Information Act ("FOIA") request, any Texas Public Information Act ("PIA") request, or any other federal or state public information act, in any way relating to this Action, the Rifton Activity Chair, any other positioning chair for clients with disabilities, or the underlying incident.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.

22.     Defendant contends that this request seeks information and documents critical to Defendant's evaluation and preparation of its defense. As such, Defendant requests that the Court strike Plaintiffs' objections to Requests for Production Nos. 7, 12, 13, 16, 49 and 61, and order Plaintiffs to fully respond to said request.

**G.    Child Protective Services**

23.     Defendant contends that Plaintiffs have asserted improper objections and failed to properly respond to Requests for Production No. 53 seeking documents and/or communications

exchanged with Child Protective Services related to the underlying incident.

> **REQUEST FOR PRODUCTION NO. 53:** Any and all documents and/or communications you sent to, received from or exchanged with any employee, agent, and/or representative of Child Protective Services regarding the underlying incident, any of the claims that you are making in this lawsuit, and/or any of the injuries/damages you have asserted in this case.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.

24. Plaintiffs previously acknowledged interacting with Child Protective Services in regards to the underlying incident, and Defendant contends that the documents sought in this request are relevant to the present matter and are critical to Defendant's evaluation and preparation of its defense. As such, Defendant requests that the Court strike Plaintiffs' objections to Request for Production No. 53, and order Plaintiffs to fully respond to said request.

**H.  Rifton Activity Chair at issue**

25. Defendant contends that Plaintiffs have asserted improper objections and failed to properly respond to Requests for Production No. 51 seeking documents relating to the particular Rifton Activity Chair at issue and alleged to be involved in the underlying incident.

> **REQUEST FOR PRODUCTION NO. 51:** Any and all documents or communications that identify or relate to all persons known by you to have performed installation, maintenance, service or repair on the Rifton Activity Chair before or after the incident.
>
> **RESPONSE:** Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.

26. Defendant contends that this request seeks information and documents critical to Defendant's evaluation and preparation of its defense, and requests the Court strike Plaintiffs' objections to Requests for Production No. 51, and order Plaintiffs to fully respond to said request.

**I.  Photos or videos of J.G.**

27. Defendant contends that Plaintiffs have asserted improper objections and failed to properly respond to Requests for Production No. 3 seeking photographs or videos displayed or shown at the funeral or burial of J.G.

> REQUEST FOR PRODUCTION NO. 3: Please produce any photographs or videos displayed or shown at the funeral or burial of J.G.
>
> RESPONSE: Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint and the documents exchanged in this case.

28. Defendant contends that this request seeks documents that are relevant to the claims and defenses asserted in this matter and are critical to Defendant's evaluation and preparation of its defense. As such, Defendant requests that the Court strike Plaintiffs' objections to Requests for Production No. 3, and order Plaintiffs to fully respond to said request.

## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully request that this Court grant the relief sought in this Motion so that the parties may be fully apprised of the evidence to be presented in this matter, to allow Defendant to fully evaluate and prepare its defense and to prevent trial by ambush; and for such other and further relief, both general and special, at law or in equity, to which Defendant may be entitled.

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

BY: _/s/ Celia Guerra_____
    JOHN A. GUERRA
    State Bar No. 08576180
    Email: jguerra@brock.law
    MARK R. STRANDMO
    State Bar No. 00786264
    Email: mstrandmo@brock.law
    CELIA E. GUERRA
    State Bar No. 24069756
    Email: cguerra@brock.law

**ATTORNEYS FOR DEFENDANTS**
**COMMUNITY PRODUCTS, LLC d/b/a**
**RIFTON EQUIPMENT**

## CERTIFICATE OF CONFERENCE

This is to certify that the parties have conferred on the matters made the basis of this motion and that no agreement has been reached about outstanding issues.

Specifically, the undersigned counsel conferred with opposing counsel concerning the relief sought in this Motion on the following dates: August 1, 2022, September 26, 2022, and October 19, 2022.

On October 31, 2022, the undersigned counsel advised opposing counsel that, in light of upcoming depositions, Defendant would proceed with a motion to compel to address the outstanding discovery issues unless Plaintiffs provided amended/supplemental discovery responses by November 2, 2022. As of the filing of this motion, opposing counsel has not responded to the undersigned counsel's last attempt to confer nor have Plaintiffs provided amended/supplemental discovery responses. As such, the undersigned counsel interprets opposing counsel's and Plaintiffs' non-response as their opposition to this motion.

_/s/ Celia Guerra_____
CELIA E. GUERRA

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing is being served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 6th day of November 2022:

| | |
|---|---|
| Jason A. Itkin | Fax No. 713/222-3850 |
| Cory D. Itkin | Email: e-service@arnolditkin.com |
| Arnold & Itkin LLP | jaiteam@arnolditkin.com |
| 6009 Memorial Drive | jitkin@arnolditkin.com |
| Houston, Texas 77007 | citkin@arnolditkin.com |
| -AND- | |
| Jonathan D. Pauerstein | Fax No. 210/354-4034 |
| Christopher A. Wright | Email: jpauerstein@rpsalaw.com |
| Rosenthal Pauerstein Sandoloski Agather LLP | cwright@rpsalaw.com |
| 755 E. Mulberry, Suite 200 | |
| San Antonio, Texas 78212 | |
| ***Attorneys for Plaintiffs*** | |

*/s/ Celia Guerra*
JOHN A. GUERRA
MARK R. STRANDMO
CELIA E. GUERRA