

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Jennifer Gillis and Tory Gillis, § | | |
| Individually and on behalf of the § | | |
| Estate of J.G., a minor, § | | |
| § | | |
| *Plaintiffs,* § | | |
| § | SA-22-CV-0080-XR | |
| v. § | | |
| § | | |
| Community Products, LLC d/b/a Rifton § | | |
| Equipment, Church Communities NY Inc., § | | |
| § | | |
| *Defendants*. § | | |

**PLAINTIFF TORY GILLIS' FIRST SUPPLEMENTAL ANSWERS AND OBJECTIONS TO DEFENDANT COMMUNITY PRODUCTS, LLC d/b/a RIFTON EQUIPMENT'S FIRST SET OF INTERROGATORIES**

TO: Defendant, Community Products, LLC d/b/a Rifton Equipment, by and through their attorneys of record, John A. Guerra, Mark R. Strandmo, Celia E. Guerra, Brock Guerra Strandmo Dimaline Jones, P.C., 17339 Redland Road, San Antonio, Texas 78247.

Plaintiff, Tory Gillis, answers and objects to Community Products, LLC d/b/a Rifton Equipment's First Set of Interrogatories as follows:

**I.**

**General Reservations**

1. Plaintiff submits these responses and objections without intending to waive and expressly reserves the right to change, modify, supplement, or clarify these responses and objections at any time before trial.

2. In providing the information requested by Defendant, Plaintiff does not waive any objections as to the admissibility of such information in evidence.

3. The inadvertent production of any privileged information or documents shall not be deemed to be a waiver of any applicable privilege with respect to such information, document, or the contents thereof.

## II.
## PLAINTIFF TORY GILLIS' FIRST SUPPLEMENTAL ANSWERS AND OBJECTIONS TO DEFENDANT COMMUNITY PRODUCTS, LLC d/b/a RIFTON EQUIPMENT'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify yourself by stating:

(a) Your full legal name, any other names you may have ever used, date of birth, and place of birth;
(b) Your current residence address and each address where you have lived during the past ten (10) years;
(c) Your educational background including the schools you have attended, dates attended, and degrees obtained by you;
(d) A description of your marital history by providing, for each marriage, the name of your spouse, the date of the marriage and, for each prior marriage, the date and how it was dissolved (i.e. date of divorce, death, etc.); and
(e) The names and birth dates of each of your children (whether natural, adopted or step child). For each child, please indicate the current residence address of that child.

**ANSWER:**

| | |
|---|---|
| Names: | Tory Gillis |
| Date of Birth: | January 6, 1986 |
| Place of Birth: | El Paso, Texas |
| Current address: | 1101 Callaway Dr. Apt 201, Carlsbad, NM 88220 |
| Past addresses: | 3615 Bramble Pass, San Antonio, TX 78261 |
| | 2106 Pecan Hollow, San Antonio, TX 78232 |
| | 4313 Shavano Woods, San Antonio, TX 78249 |
| Education: | University of Texas San Antonio (BA History) |
| | Mesa Community College 2004 |
| | Desert Vista High School 2004 |
| Marriage: | Married Jennifer Gillis in December 2006 |
| Children: | Jackson Gillis (deceased); DOB 07/29/2016 |
| | John Gillis; DOB 03/12/2018 (current residence) |
| | Ashlynn Gillis: DOB 01/30/2020 (current residence) |

**INTERROGATORY NO. 2:** Please identify each of your places of employment over the past ten (10) years including your employer's name and address, your job title, a brief explanation of your duties, and your reasons for leaving each job. If you have not worked in the past ten (10) years, then please provide this information for the job you last held.

**ANSWER:** Plaintiff objects to this discovery request on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope and seeks information which is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Plaintiff lists the following:

>Nuclear Waste Partnership (September 2021-present)
>Security Performance Assurance and Compliance
>Carlsbad, NM
>
>Self Employed/Constellis (December 2015-September 2021)
>Independent Security Contractor
>San Antonio, TX
>Moyock, NC
>Afghanistan
>
>Allied Universal (April 2015-December 2015)
>Security Operations Manager
>San Antonio, TX

**INTERROGATORY NO. 3:** If, during the last ten years, you have made a claim or filed a lawsuit for personal injuries, workers' compensation benefits, or medical disability for any accident or occurrence other than the one the subject of this lawsuit, please state (a) the date of the incident or occurrence giving rise to the claim; (b) a brief description of the incident or occurrence; (c) when suit or claim was filed or made; (d) name of the court or place in which the suit or claim was filed; (e) nature and extent of the injury, illness or disability for which you made such claim or lawsuit; (f) the name of the insurance company which provided insurance coverage or benefits for the injuries which you sustained; and (g) the amount for which the claim was settled, or the total amount of benefits which were paid.

**ANSWER:** Plaintiff objects to this discovery request on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time and scope, and seeks information which is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, none.

**INTERROGATORY NO. 4:** Please describe the circumstances surrounding when you first came into possession of the Rifton Activity Chair at issue and in your description include the following: (1) when and from whom you first came into possession of the Rifton Activity Chair; (2) any accessories that were provided to you with the chair; and (3) what instructions, guidelines and/or warnings, verbal or written, were provided to you in relation to the chair.

**ANSWER:** Plaintiffs object to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Plaintiff was working in Afghanistan when the chair was delivered to his home. When Plaintiff returned from deployment, the chair had already been delivered and was being used by J.G.

**INTERROGATORY NO. 5:** Identify all conversations you had with any employee, agent or representative of Northeast Independent School District regarding the Rifton Activity Chair at issue and/or any accessories or component parts thereto, prior to the time of the incident made the basis of this lawsuit. Set forth in your answer the content of such conversations, the date of such conversations, the identity of the individuals you spoke with and whether the conversations were recorded or otherwise preserved, and if so, how.

**ANSWER:** Plaintiffs object to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Plaintiff recalls speaking with Elice Palmer regarding the chair. Ms. Palmer later dropped the chair off on Plaintiff's doorstep. The conversations with Ms. Palmer were not recorded.

**INTERROGATORY NO. 6:** Please give in detail your version of the events giving rise to this lawsuit, answering with specificity as to:
  (a) the date and time of the incident;
  (b) specific location where incident occurred;
  (c) whether you were present at the location when the incident occurred;
  (d) the identity of all persons who were present at the time of the incident;
  (e) describe how the incident occurred, and state specifically what you contend caused or contributed to the cause of the incident; and
  (f) what your actions were immediately prior to, during and immediately after the incident.

**ANSWER:** Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiff objects as this request requires Plaintiff to marshal her evidence and requests information and/or a response that is better suited for deposition testimony. Plaintiff refers Defendant to the live petition, the documents exchanged, and Plaintiff's expert reports. Subject to these objections, Plaintiff recalls the following:

The incident occurred on November 4, 2020, at approximately 9:10am at 3615 Bramble Pass, San Antonio, TX 78261. Plaintiff was present along with Jennifer Gills, John Gillis, and Ashlyn Gills. Plaintiff was in the living room. Jennifer found that J.G. had slipped down in the chair and the neck straps were strangling him. Plaintiff called 911 while Jennifer removed J.G. from the chair to begin CPR. Jennifer gave two puffs of air to J.G. and then Plaintiff took over CPR until EMS arrived.

**INTERROGATORY NO. 7:** Please identify and describe all conversations had or communications exchanged between you and any representative of Child Protective Services (CPS) or any other investigative agency regarding the facts made the basis of this lawsuit, from the time beginning immediately after the incident up to the present date. Set forth in your answer the content of such conversations, the date of such conversations, the identity of the individuals you spoke with and whether the conversations were recorded or otherwise preserved, and if so, how.

**ANSWER:** Plaintiffs object to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Plaintiff recalls speaking with CPS either on the day of or day after the incident and again a few days later either at the hospital or at his home. The conversations were not recorded.

**INTERROGATORY NO. 8:** Please identify and describe all conversations had or communications exchanged between you and any police, sheriff or other law enforcement agency, firefighter, EMT and/or any investigating officer regarding the incident made the basis of this lawsuit, from the time beginning immediately after the incident up to the present date. Set forth in your answer the content of such conversations, the date of such conversations, the identity of the individuals you spoke with and whether the conversations were recorded or otherwise preserved, and if so, how.

**ANSWER:** Plaintiffs object to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Plaintiff recalls speaking with the sheriff, EMS, and firefighters on the day of the incident regarding the events leading up to the accident. Plaintiff refers Defendant to the live petition and documents exchanged in this case.

**INTERROGATORY NO. 9:** Please identify and describe all conversations you had with any representative, agent or employee of the North East Independent School District regarding the incident made the basis of this lawsuit, from the time beginning immediately after the incident up to the present date. Set forth in your answer the content of such conversations, the date of such conversations, the identity of the individuals you spoke with and whether the conversations were recorded or otherwise preserved, and if so, how.

**ANSWER:** Plaintiffs object to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Plaintiff recalls J.G.'s teacher, principal, and one other person coming to his house after the incident to give him their condolences along with the last picture J.G. painted.

**INTERROGATORY NO. 10:** Please identify and describe all conversations you had with any employee, agent or representative of this Defendant regarding the Rifton Activity Chair at issue and/or any accessories or component parts thereto and/or the accident made the basis of this lawsuit. Set forth in your answer the content of such conversations, the date of such conversations, the identity of the individuals you spoke with and whether the conversations were recorded or otherwise preserved, and if so, how.

**ANSWER:** Plaintiffs object to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, none to Plaintiff's knowledge.

**INTERROGATORY NO. 11:**  If you have seen any healthcare provider (including, but not limited to, doctors, hospitals, clinics, chiropractors and mental health professionals) for treatment and/or examination of injuries resulting from the incident in question, please state the following:

    (a) the names and addresses of such healthcare provider;
    (b) the dates of any examinations and/or treatments;
    (c) your complaints to such healthcare provider; and
    (d) the nature of any treatment prescribed or administered by such healthcare provider.

**ANSWER:**    Plaintiff's treatment is ongoing, and Plaintiff reserves the right to supplement. Plaintiff lists the following:

    South Texas VA / Dr. Duron
    Psychologist
    PTSD Group Therapy

**INTERROGATORY NO. 12:**  Please identify each and every health care provider (including, but not limited to, doctors, hospitals, clinics, chiropractors and mental health professionals) that has treated you in the last ten (10) years.

**ANSWER:**    Plaintiff's treatment is ongoing, and Plaintiff reserves the right to supplement. Plaintiff lists the following:

    Dr. Goldhammer (2015-2021)
    Shavano Woods, VA

    Dr. Druon (2021-2022)
    South Texas VA

**INTERROGATORY NO. 13:** Please identify the name, address and phone number of each person who is expected to be called to testify at trial. For each witness please describe with reasonable specificity the relationship of each person to the incident and the substance of each witness' testimony.

**ANSWER:**    Plaintiff objects to this discovery request on the grounds that it is overly broad and unduly burdensome.  Subject to these objections, Plaintiff has not made a determination regarding trial witnesses and experts.  Plaintiff will provide this information in accordance with the Court's Scheduling Order regarding experts and the Rules of Procedure.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Cory Itkin*
Jason A. Itkin
Texas Bar No. 24032461
Cory Itkin
Texas Bar No. 24050808
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com

-AND-

**ROSENTHAL PAUERSTEIN SANDOLOSKI AGATHER LLP**

Jonathan D. Pauerstein
State Bar No. 15637500
jpauerstein@rpsalaw.com
Christopher A. Wright
State Bar No. 24082114
cwright@rpsalaw.com
755 E. Mulberry, Suite 200
San Antonio, Texas 78212
Telephone: (210) 225-5000
Facsimile: (210) 354-4034

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record herein in accordance with the Federal Rules of Civil Procedure on August 15, 2022.

*/s/ Cory Itkin*
Cory Itkin