# Exhibit A

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Jennifer Gillis and Tory Gillis, §<br>Individually and on behalf of the §<br>Estate of J.G., a minor, §<br> §<br>*Plaintiffs,* §<br> § SA-22-CV-0080-XR<br>v. §<br> §<br>Community Products, LLC d/b/a Rifton §<br>Equipment, Church Communities NY Inc., §<br> §<br>*Defendants.* § | |

**PLAINTIFF JENNIFER GILLIS' SECOND SUPPLEMENTAL ANSWERS AND OBJECTIONS TO DEFENDANT COMMUNITY PRODUCTS, LLC d/b/a RIFTON EQUIPMENT'S FIRST SET OF INTERROGATORIES**

TO:  Defendant, Community Products, LLC d/b/a Rifton Equipment, by and through their attorneys of record, John A. Guerra, Mark R. Strandmo, Celia E. Guerra, Brock Guerra Strandmo Dimaline Jones, P.C., 17339 Redland Road, San Antonio, Texas 78247.

Plaintiff, Jennifer Gillis, answers and objects to Community Products, LLC d/b/a Rifton Equipment's First Set of Interrogatories as follows:

**I.**

**General Reservations**

1. Plaintiff submits these responses and objections without intending to waive and expressly reserves the right to change, modify, supplement, or clarify these responses and objections at any time before trial.

2. In providing the information requested by Defendant, Plaintiff does not waive any objections as to the admissibility of such information in evidence.

3. The inadvertent production of any privileged information or documents shall not be deemed to be a waiver of any applicable privilege with respect to such information, document, or the contents thereof.

1

## II.
## PLAINTIFF JENNIFER GILLIS' SECOND SUPPLEMENTAL ANSWERS AND OBJECTIONS TO DEFENDANT COMMUNITY PRODUCTS, LLC d/b/a RIFTON EQUIPMENT'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify yourself by stating:

(a) Your full legal name, any other names you may have ever used, date of birth, and place of birth;
(b) Your current residence address and each address where you have lived during the past ten (10) years;
(c) Your educational background including the schools you have attended, dates attended, and degrees obtained by you;
(d) A description of your marital history by providing, for each marriage, the name of your spouse, the date of the marriage and, for each prior marriage, the date and how it was dissolved (i.e. date of divorce, death, etc.); and
(e) The names and birth dates of each of your children (whether natural, adopted or step child). For each child, please indicate the current residence address of that child.

**ANSWER:**

| | |
|---|---|
| Names: | Jennifer Gillis, Jennifer Goodman |
| Date of Birth: | March 1, 1985 |
| Place of Birth: | El Paso, Texas |
| Current address: | 1101 Callaway Dr. Apt 201, Carlsbad, NM 88220 |
| Past addresses: | 3615 Bramble Pass, San Antonio, TX 78261 |
| | 2106 Pecan Hollow, San Antonio, TX 78232 |
| | 4313 Shavano Woods, San Antonio, TX 78249 |
| Education: | University of Arizona Global Campus (current) |
| | Mesa Community College 2004-2006 |
| | El Dorado High School 2003 |
| Marriage: | Married Tory Gillis in December 2006 |
| Children: | Jackson Gillis (deceased); DOB 07/29/2016 |
| | John Gillis; DOB 03/12/2018 (current residence) |
| | Ashlynn Gillis: DOB 01/30/2020 (current residence) |

**INTERROGATORY NO. 2:** Please identify each of your places of employment over the past ten (10) years including your employer's name and address, your job title, a brief explanation of your duties, and your reasons for leaving each job. If you have not worked in the past ten (10) years, then please provide this information for the job you last held.

**ANSWER:** Plaintiff objects to this discovery request on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope and seeks information which is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Plaintiff has been a stay-at-home mother for the past five years. Prior to that she worked for Elements Massage in San Antonio, Texas as the General Manager from March 2011 to March 2017.

**INTERROGATORY NO. 3:** If, during the last ten years, you have made a claim or filed a lawsuit for personal injuries, workers' compensation benefits, or medical disability for any accident or occurrence other than the one the subject of this lawsuit, please state (a) the date of the incident or occurrence giving rise to the claim; (b) a brief description of the incident or occurrence; (c) when suit or claim was filed or made; (d) name of the court or place in which the suit or claim was filed; (e) nature and extent of the injury, illness or disability for which you made such claim or lawsuit; (f) the name of the insurance company which provided insurance coverage or benefits for the injuries which you sustained; and (g) the amount for which the claim was settled, or the total amount of benefits which were paid.

**ANSWER:** Plaintiff objects to this discovery request on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time and scope, and seeks information which is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, none.

**INTERROGATORY NO. 4:** Please identify and describe in detail the product(s) that You allege was a cause, in whole or in part, of Your injuries, and include in Your answer the manufacturer's name and the brand name, model number, serial number, patents, identification numbers, stickers, etching or any other identifying feature of the product(s), including any and all components or accessories thereof.

**ANSWER:** Plaintiffs object to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff refers Defendant to the live petition and documents exchanged in this case. Subject to these objections, Plaintiff intends to rely on expert testimony for the response to this Interrogatory and will provide this information in accordance with the Court's scheduling order regarding experts and the applicable Rules of Civil Procedure. However, Plaintiff believes the product was the Rifton Activity Chair 830 and/or its component parts and accessories.

**INTERROGATORY NO. 5:** State the chain of custody for the Rifton Activity Chair and any of its accessories or component parts, from the date of the incident to the present, including the Rifton Activity Chair's current location and the location of any and all accessories or component parts to the extent they are at a different location.

**ANSWER:** The chair remained in Plaintiff's garage in San Antonio after the incident until a courier delivered it to Plaintiff's attorney.

**INTERROGATORY NO. 6:** Please describe the circumstances surrounding when you first came into possession of the Rifton Activity Chair at issue and in your description include the following: (1) when and from whom you first came into possession of the Rifton Activity Chair; (2) any accessories that were provided to you with the chair; and (3) what instructions, guidelines and/or warnings, verbal or written, were provided to you in relation to the chair.

**ANSWER:**   Plaintiff received the chair on September 1, 202 from Elice Palmer, the physical therapist at J.G.'s school. Plaintiff refers Defendant to the live petition and documents exchanged in this case.

**INTERROGATORY NO. 7:** Identify all conversations you had with any employee, agent or representative of Northeast Independent School District regarding the Rifton Activity Chair at issue and/or any accessories or component parts thereto, prior to the time of the incident made the basis of this lawsuit. Set forth in your answer the content of such conversations, the date of such conversations, the identity of the individuals you spoke with and whether the conversations were recorded or otherwise preserved, and if so, how.

**ANSWER:**   Plaintiffs object to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Plaintiff recalls speaking with Elice Palmer regarding the chair. Ms. Palmer later dropped the chair off on Plaintiff's doorstep. The conversations with Ms. Palmer were not recorded.

**INTERROGATORY NO. 8:** Please give in detail your version of the events giving rise to this lawsuit, answering with specificity as to:

(a) the date and time of the incident;
(b) specific location where incident occurred;
(c) whether you were present at the location when the incident occurred;
(d) the identity of all persons who were present at the time of the incident;
(e) describe how the incident occurred, and state specifically what you contend caused or contributed to the cause of the incident; and
(f) what your actions were immediately prior to, during and immediately after the incident.

**ANSWER:**   Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiff objects as this request requires Plaintiff to marshal her evidence and requests information and/or a response that is better suited for deposition testimony. Plaintiff refers Defendant to the live petition, the documents exchanged, and Plaintiff's expert reports.  Subject to these objections, Plaintiff recalls the following:

The incident occurred the morning of November 4, 2020 at 3615 Bramble Pass, San Antonio, TX 78261. Plaintiff was present along with Tory Gills, John Gillis, and Ashlyn Gills. J.G. was sitting in the Rifton Activity chair watching TV with his brother while Plaintiff prepared to nurse her younger baby in another room. Plaintiff found that J.G. had slipped down in the chair and the neck straps were strangling him. Tory Gillis called 911 while Plaintiff removed J.G. from the chair to begin CPR. Plaintiff gave two puffs of air to J.G. and then Tory took over CPR until EMS arrived.

**INTERROGATORY NO. 9:** Please identify and describe all conversations had or communications exchanged between you and any representative of Child Protective Services (CPS) or any other investigative agency regarding the facts made the basis of this lawsuit, from the time beginning immediately after the incident up to the present date. Set forth in your answer the content of such conversations, the date of such conversations, the identity of the individuals you spoke with and whether the conversations were recorded or otherwise preserved, and if so, how.

**ANSWER:** Plaintiffs object to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Plaintiff recalls a conversation after J.G.'s death when CPS mentioned that they would be pursuing a product recall after their investigation. The conversation was not recorded. Plaintiff refers Defendant to the live petition and documents exchanged in this case.

**INTERROGATORY NO. 10:** Please identify and describe all conversations had or communications exchanged between you and any police, sheriff or other law enforcement agency, firefighter, EMT and/or any investigating officer regarding the incident made the basis of this lawsuit, from the time beginning immediately after the incident up to the present date. Set forth in your answer the content of such conversations, the date of such conversations, the identity of the individuals you spoke with and whether the conversations were recorded or otherwise preserved, and if so, how.

**ANSWER:** Plaintiffs object to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Plaintiff recalls speaking with the sheriff, EMS, and firefighters on the day of the incident regarding the events leading up to the accident. Plaintiff refers Defendant to the live petition and documents exchanged in this case.

**INTERROGATORY NO. 11:** Please identify and describe all conversations you had with any representative, agent or employee of the North East Independent School District regarding the incident made the basis of this lawsuit, from the time beginning immediately after the incident up to the present date. Set forth in your answer the content of such conversations, the date of such conversations, the identity of the individuals you spoke with and whether the conversations were recorded or otherwise preserved, and if so, how.

**ANSWER:** Plaintiffs object to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, none to Plaintiff's knowledge.

**INTERROGATORY NO. 12:** Please identify and describe all conversations you had with any employee, agent or representative of this Defendant regarding the Rifton Activity Chair at issue and/or any accessories or component parts thereto and/or the accident made the basis of this lawsuit. Set forth in your answer the content of such conversations, the date of such conversations, the identity of the individuals you spoke with and whether the conversations were recorded or otherwise preserved, and if so, how.

**ANSWER:** Plaintiffs object to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, none to Plaintiff's knowledge.

**INTERROGATORY NO. 13:** If there are any other incidents involving a Rifton Activity Chair that You consider substantially similar to the incident made the basis of this lawsuit, please identify such incidents by date and location, provide the factual basis for Your contention that such incidents are substantially similar to the incident in this lawsuit, and state the name, address and telephone number of person(s) involved in such incidents and product involved.

**ANSWER:** Plaintiff objects to this request as it requires Plaintiff to marshal her evidence. Plaintiff refers Defendant to the live petition, the documents exchanged, and Plaintiff's expert reports. Investigation and discovery is ongoing and Plaintiff reserves the right to supplement.

**INTERROGATORY NO. 14:** If you have seen any healthcare provider (including, but not limited to, doctors, hospitals, clinics, chiropractors and mental health professionals) for treatment and/or examination of injuries resulting from the incident in question, please state the following:

(a) the names and addresses of such healthcare provider;
(b) the dates of any examinations and/or treatments;
(c) your complaints to such healthcare provider; and
(d) the nature of any treatment prescribed or administered by such healthcare provider.

**ANSWER:** Plaintiff objects to this discovery request on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope and seeks information which is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, as of the date of this supplemental response, Jennifer Gillis has not received medical treatment related to the underlying incident.

**INTERROGATORY NO. 15:** Please identify each and every health care provider (including, but not limited to, doctors, hospitals, clinics, chiropractors and mental health professionals) that has treated you in the last ten (10) years.

**ANSWER:** Plaintiff objects to this discovery request on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope and seeks information which is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, please see the response to Interrogatory No. 14.

**INTERROGATORY NO. 16:** Please identify the name, address and phone number of each person who is expected to be called to testify at trial. For each witness please describe with reasonable specificity the relationship of each person to the incident and the substance of each witness' testimony.

**ANSWER:** Plaintiff objects to this discovery request on the grounds that it is overly broad and unduly burdensome. Subject to these objections, Plaintiff has not made a determination regarding trial witnesses and experts. Plaintiff will provide this information in accordance with the Court's Scheduling Order regarding experts and the Rules of Procedure.

**INTERROGATORY NO. 17:** Name each component of or accessory to the Rifton Activity Chair that is at issue in this matter and

(a) state whether you contend that its alleged defect is one of design, manufacture, or a failure to provide adequate product information;
(b) describe the specific nature of each alleged design, manufacturing, or product information defect;
(c) state the facts that support your contention; and
(d) identify each person and document having or containing information that supports your contention.

**ANSWER:** Plaintiff objects to this request as overly broad, unduly burdensome, and because it requires Plaintiff to marshal her evidence. Subject to these objections, Plaintiff will rely upon expert testimony and will designate said experts in accordance with the Court scheduling order and/or the Rules of Civil Procedure. Subject to these objections, Plaintiff refers Defendant to her live complaint and the documents exchanged. Investigation and discovery is ongoing and Plaintiff reserves the right to supplement.

**INTERROGATORY NO. 18:** With respect to the Rifton Activity Chair at issue, and any component or accessories thereto, that you contend there was a defect in design, please state:

(a) What alternative design You contend would have prevented or reduced the injuries complained of; and
(b) How such design was both economically and technologically more feasible at the time that You allege that the Rifton Activity Chair, and its components or accessories, left this Defendant's control.

**ANSWER:** Plaintiff objects to this request as overly broad, unduly burdensome, and because it requires Plaintiff to marshal her evidence. Subject to these objections, Plaintiff will rely upon expert testimony and will designate said experts in accordance with the Court scheduling order and/or the Rules of Civil Procedure. Subject to these objections, Plaintiff refers Defendant to her live complaint and the documents exchanged.

**INTERROGATORY NO. 19:** With respect to the Rifton Activity Chair at issue, and any component or accessories thereto, that you contend there was a defect in manufacture, identify the applicable manufacturing specifications for the product, component and/or accessory at issue and state how you contend it failed to meet the prescribed manufacturing specifications.

**ANSWER:** Plaintiff objects to this request as overly broad, unduly burdensome, and because it requires Plaintiff to marshal her evidence. Subject to these objections, Plaintiff will rely upon expert testimony and will designate said experts in accordance with the Court scheduling order and/or the Rules of Civil Procedure. Subject to these objections, Plaintiff refers Defendant to her live complaint and the documents exchanged.

**INTERROGATORY NO. 20:** If you contend that this Defendant failed to provide adequate product information for the Rifton Activity Chair at issue, or its components or accessories, state how the product information was inadequate and how you contend the Defendant could and should have made it adequate.

**ANSWER:** Plaintiff objects to this request as overly broad, unduly burdensome, and because it requires Plaintiff to marshal her evidence. Subject to these objections, Plaintiff will rely upon expert testimony and will designate said experts in accordance with the Court scheduling order and/or the Rules of Civil Procedure. Subject to these objections, Plaintiff refers Defendant to her live complaint and the documents exchanged.

**INTERROGATORY NO. 21:** State all facts upon which you contend that the Rifton Activity Chair was defective and unreasonably dangerous.

**ANSWER:** Plaintiff objects to this request as overly broad, unduly burdensome, and because it requires Plaintiff to marshal her evidence. Subject to these objections, Plaintiff will rely upon expert testimony and will designate said experts in accordance with the Court scheduling order and/or the Rules of Civil Procedure. Subject to these objections, Plaintiff refers Defendant to her live complaint and the documents exchanged.

**INTERROGATORY NO. 22:** State all facts upon which you contend that some defect in the Rifton Activity Chair was a proximate cause of your injuries sustained in the underlying incident.

**ANSWER:** Plaintiff objects to this request as overly broad, unduly burdensome, and because it requires Plaintiff to marshal her evidence. Subject to these objections, Plaintiff will rely upon expert testimony and will designate said experts in accordance with the Court scheduling order and/or the Rules of Civil Procedure. Subject to these objections, Plaintiff refers Defendant to her live complaint and the documents exchanged.

**INTERROGATORY NO. 23:** Describe the negligent acts or omissions for which you contend that this Defendant is responsible with respect to the Rifton Activity Chair, or its components or accessories, state the facts that support your contention, state how each negligent act or omission could and should have been avoided, and identify each person and document having or containing information that supports your contention.

**ANSWER:** Plaintiff objects to this request as overly broad, unduly burdensome, and because it requires Plaintiff to marshal her evidence. Subject to these objections, Plaintiff will rely upon expert testimony and will designate said experts in accordance with the Court scheduling order and/or the Rules of Civil Procedure. Subject to these objections, Plaintiff refers Defendant to her live complaint and the documents exchanged.

**INTERROGATORY NO. 24:** If you contend that this Defendant violated any statute, regulation, ordinance, standard, or guideline with respect to the manufacture or design of The Product or with respect its product information, for each statute, regulation, ordinance, standard, or guideline provide:
(a) the name of the publication in which it appears;
(b) the volume and page number of the publication in which it appears;
(c) the specific provision that you contend was violated; and
(d) its promulgation date and effective date.

**ANSWER:** Plaintiff objects to this request as overly broad, unduly burdensome, and because it requires Plaintiff to marshal her evidence. Subject to these objections, Plaintiff will rely upon expert testimony and will designate said experts in accordance with the Court scheduling order and/or the Rules of Civil Procedure. Subject to these objections, Plaintiff refers Defendant to her live complaint and the documents exchanged.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Cory Itkin*
Jason A. Itkin
Texas Bar No. 24032461
Cory Itkin
Texas Bar No. 24050808
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com

-AND-

**ROSENTHAL PAUERSTEIN**
**SANDOLOSKI AGATHER LLP**

Jonathan D. Pauerstein
State Bar No. 15637500
jpauerstein@rpsalaw.com
Christopher A. Wright
State Bar No. 24082114
cwright@rpsalaw.com
755 E. Mulberry, Suite 200
San Antonio, Texas 78212
Telephone: (210) 225-5000
Facsimile: (210) 354-4034

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record herein in accordance with the Federal Rules of Civil Procedure on November 17, 2022.


/s/ Cory Itkin
Cory Itkin