# Exhibit E

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Jennifer Gillis and Tory Gillis, | § | |
| Individually and on behalf of the | § | |
| Estate of J.G., a minor, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | SA-22-CV-0080-XR |
| v. | § | |
| | § | |
| Community Products, LLC d/b/a Rifton | § | |
| Equipment, Church Communities NY Inc., | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFFS JENNIFER GILLIS AND TORY GILLIS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF J.G., A MINOR'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT COMMUNITY PRODUCTS, LLC d/b/a RIFTON EQUIPMENT'S FIRST REQUESTS FOR PRODUCTION

TO:   Defendant, Community Products, LLC d/b/a Rifton Equipment, by and through their attorneys of record, John A. Guerra, Mark R. Strandmo, Celia E. Guerra, Brock Guerra Strandmo Dimaline Jones, P.C., 17339 Redland Road, San Antonio, Texas 78247.

Plaintiffs, Jennifer Gillis and Tory Gillis, Individually and on behalf of the Estate of J.G.,

a minor, respond and object to Community Products, LLC d/b/a Rifton Equipment's First Requests

for Production as follows:

**I.**

**General Reservations**

1.   Plaintiffs submit these responses and objections without intending to waive and expressly reserves the right to change, modify, supplement, or clarify these responses and objections at any time before trial.

2.   In providing the information requested by Defendant, Plaintiffs do not waive any objections as to the admissibility of such information in evidence.

1

3.      The inadvertent production of any privileged information or documents shall not be
deemed to be a waiver of any applicable privilege with respect to such information,
document, or the contents thereof.

## II.

### PLAINTIFFS JENNIFER GILLIS AND TORY GILLIS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF J.G., A MINOR'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT COMMUNITY PRODUCTS, LLC d/b/a RIFTON EQUIPMENT'S FIRST REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: Produce a copy of J.G.'s birth certificate.

**RESPONSE**:  **Please see attached.**

REQUEST FOR PRODUCTION NO. 2:  Produce a copy of J.G.'s death certificate.

**RESPONSE**:  **Please see attached.**

REQUEST FOR PRODUCTION NO. 3: Please produce any photographs or videos displayed or shown at the funeral or burial of J.G.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint and the documents exchanged in this case.**

REQUEST FOR PRODUCTION NO. 4: Produce a copy of any and all documents which give rise to your authority to act as Representative of the Estate of J.G.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint and the documents exchanged in this case.**

REQUEST FOR PRODUCTION NO. 5: Produce copies of any and all Probate or Estate proceedings, pleadings, orders, applications, taken out or filed on behalf of the Estate of J.G.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint and the documents exchanged in this case.**

REQUEST FOR PRODUCTION NO. 6: Produce a copy of any post-mortem examination, autopsy report and/or coroner report for J.G.  This includes photographs, notes, drafts, and any materials related to J.G. contained in the coroner, medical examiner and/or pathologist's personal files.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint and the documents exchanged in this case.**

REQUEST FOR PRODUCTION NO. 7: All documents that contain any form of a statement regarding how the incident made the basis of this suit took place or the injuries/damages suffered by Plaintiffs as a result of the incident.   (This request does not seek attorney/client communications.)

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Plaintiff further objects as this request calls for production of materials protected by the work product privilege.  Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 8: Produce copies of any medical, EMS or hospital records relating to examination or treatment of J.G. in connection with injuries sustained in the incident made the basis of this lawsuit.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint and the documents exchanged in this case.**

REQUEST FOR PRODUCTION NO. 9: Produce copies of all documents, bills, receipts, charges or statements from any healthcare provider, funeral home and/or mortician which reflect goods or services provided or rendered to or for J.G. as a result of the incident made the basis of this lawsuit.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint and the documents exchanged in this case.**

REQUEST FOR PRODUCTION NO. 10: Any and all documents and/or communications that you intend to rely upon to establish that J.G. experienced a period of conscious pain and suffering prior to his death.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 11: Any and all documents which tend to support or substantiate any claim of actual, special, or out-of-pocket damages you, in your capacity as Representative of the Estate of J.G., allegedly sustained as a result of the incident made the basis of this lawsuit.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 12: Copies of any and all documents, photographs, drawings, diagrams, audio or video recordings, or any other item of tangible physical evidence obtained from police, fire, or other municipal, county, state, or governmental agency regarding the incident made the basis of this lawsuit.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 13: Copies of any and all documents and/or communications relating to any records, reports, citations, complaints, written warnings or notices of violation generated by any local, state, or federal fire or police department, or other governmental agency, department or unit as a result of or arising out of the underlying incident.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 14: Please produce a copy of any written communications (for example, correspondence, e-mails, text messages, etc.) between you and any employee, agent, and/or representative of Defendant regarding any of the claims that you are making in this lawsuit.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.**

REQUEST FOR PRODUCTION NO. 15: Produce any and all photographs, video recording, and/or audio recording that you have of any employee, agent, and/or representative of Defendant regarding the subject matter of this lawsuit.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.**

REQUEST FOR PRODUCTION NO. 16: Produce a copy of any and all documents, photographs, drawings, diagrams, sketches, electronic recordings, video tapes, or audio tapes which pertain in any way to the incident in question, the incident scene or the damage issues involved in this lawsuit.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 17: Produce any photographs, motion pictures, and/or videotapes of J.G. that may be used at the trial of this lawsuit.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 18: Any and all documents relating to J.G.'s medical history and/or medical condition(s).

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 19: Any and all documents relating to any prescription or over-the-counter medication taken by J.G. for the period of two (2) years prior to the date of the incident.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 20: Produce a Medical Authorization permitting the full disclosure of medical records, reports, x-rays, or other health care documentation for J.G.  A Medical Authorization is attached and can be used to respond to this request.

**RESPONSE**:  **Please see attached.**

REQUEST FOR PRODUCTION NO. 21: Produce a copy of Jennifer Gillis' birth certificate.

**RESPONSE**:  **Plaintiff objects as this request is not reasonably calculated to lead to the discovery of admissible information.  Subject to this objection, Plaintiffs will supplement if any responsive documents are obtained.**

REQUEST FOR PRODUCTION NO. 22: Produce a copy of Tory Gillis' birth certificate.

**RESPONSE**:  **Please see attached.**

REQUEST FOR PRODUCTION NO. 23: Produce a copy of Jennifer Gillis' driver's license or identification card.

**RESPONSE**:  **Please see attached.**

REQUEST FOR PRODUCTION NO. 24: Produce a copy of Tory Gillis' driver's license or identification card.

**RESPONSE**:  **Please see attached.**

REQUEST FOR PRODUCTION NO. 25: Any and all print or online newspaper articles or magazine articles, recordings of radio or TV news broadcasts, or the like which in any way relate to the incident or damages alleged in this lawsuit.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.**

REQUEST FOR PRODUCTION NO. 26: Please produce all photographs posted, uploaded, or otherwise added to any social networking sites, applications, or blogs (including, but not limited to, Facebook, Snapchat, Twitter, LinkedIn, Instagram, Pinterest, YouTube, or any similar sites or applications) that mention or in any way relate to J.G., the underlying incident, its cause or its consequences, and/or any of the claims that you are making in this lawsuit, including but not limited to your claims for liability, injuries and damages.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the documents exchanged in this case.**

REQUEST FOR PRODUCTION NO. 27: Please produce all communications posted, uploaded, or otherwise added to any social networking sites, applications, or blogs (including, but not limited to, Facebook, Snapchat, Twitter, LinkedIn, Instagram, Pinterest, YouTube, or any similar sites or applications) that mention or in any way relate to J.G., the underlying incident, its cause or its consequences, and/or any of the claims that you are making in this lawsuit, including but not limited to your claims for liability, injuries and damages.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the documents exchanged in this case.**

REQUEST FOR PRODUCTION NO. 28: Please produce all postings by Plaintiffs on any social media site or application (including, but not limited to, Facebook, Snapchat, Twitter, LinkedIn, Instagram, Pinterest, YouTube, or any similar sites or applications) that mention or in any way relate to J.G., the underlying incident, its cause or its consequences, and/or any of the claims that you are making in this lawsuit, including but not limited to your claims for liability, injuries and damages.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the documents exchanged in this case.**

REQUEST FOR PRODUCTION NO. 29: Please produce copies of all medical reports, medical records, billing records, and documents of any physician or health care professional treating Jennifer Gillis and of any hospital to which Jennifer Gillis has been admitted concerning the diagnosis and treatment of any physical or mental injuries which Jennifer Gillis claims resulted from the incident in question or which are reasonably related to the injuries or damages asserted.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, as of the date of this response, Jennifer Gillis has not received medical treatment related to the underlying incident. And, as such, Plaintiffs have no responsive documents in their possession, custody, or control.**

REQUEST FOR PRODUCTION NO. 30: Please produce copies of all medical reports, medical records, billing records, and documents of any physician or health care professional treating Tory Gillis and of any hospital to which Tory Gillis has been admitted concerning the diagnosis and treatment of any physical or mental injuries which Tory Gillis claims resulted from the incident in question or which are reasonably related to the injuries or damages asserted.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, as of the date of this response, Tory Gillis has not received medical treatment related to the underlying incident. And, as such, Plaintiffs have no responsive documents in their possession, custody, or control.**

REQUEST FOR PRODUCTION NO. 31: If Jennifer Gillis has seen a counselor, psychologist, therapist, psychiatrist, social worker or clergy member as a result of this incident and/or the damages that she is claiming therefrom, please provide all documents and records from that individual or those individuals.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, as of the date of this response, Jennifer Gillis has not received such services related to the underlying incident. And, as such, Plaintiffs have no responsive documents in their possession, custody, or control.**

REQUEST FOR PRODUCTION NO. 32: If Tory Gillis has seen a counselor, psychologist, therapist, psychiatrist, social worker or clergy member as a result of this incident and/or the damages that he is claiming therefrom, please provide all documents and records from that individual or those individuals.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, as of the date of this response, Tory Gillis has not received such services related to the underlying incident. And, as such, Plaintiffs have no responsive documents in their possession, custody, or control.**

REQUEST FOR PRODUCTION NO. 33: Any and all documents relating to Jennifer Gillis' medical history and/or medical condition(s).

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 34: Any and all documents relating to any prescription or over-the-counter medication taken by Jennifer Gillis for the period of two (2) years prior to the date of the incident.

**RESPONSE**:   **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 35: Any and all documents relating to Tory Gillis' medical history and/or medical condition(s).

**RESPONSE**:   **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 36: Any and all documents relating to any prescription or over-the-counter medication taken by Tory Gillis for the period of two (2) years prior to the date of the incident.

**RESPONSE**:   **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 37: If Jennifer Gillis received any type of medical treatment/mental health treatment for the injuries and damages that are claimed in this lawsuit, please produce a Medical Authorization permitting the full disclosure of Jennifer Gillis' medical records, reports, x-rays, or other health care documentation.  A Medical Authorization is attached and can be used to respond to this request.

**RESPONSE**:   **Please see attached.**

REQUEST FOR PRODUCTION NO. 38: If Tory Gillis received any type of medical treatment/mental health treatment for the injuries and damages that are claimed in this lawsuit, please produce a Medical Authorization permitting the full disclosure of Tory Gillis' medical records, reports, x-rays, or other health care documentation.  A Medical Authorization is attached and can be used to respond to this request.

**RESPONSE**:  **Please see attached.**

REQUEST FOR PRODUCTION NO. 39: Any and all documents regarding settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident or any damages resulting therefrom.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.**

REQUEST FOR PRODUCTION NO. 40: Any and all documents, photographs, sketches, drawings, videotapes, models, charts, or any other item of tangible physical evidence which you intend to rely upon, introduce into evidence or use in a demonstrative fashion during the trial of this cause.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 41: All photographs, video tapes, drawings, diagrams, or any other written material depicting the scene of the incident in question.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 42: Any and all diaries, calendars, or any other lists or notes kept by Jennifer Gillis regarding or relating in any way to the occurrence in question and/or any events related to same thereafter.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.**

REQUEST FOR PRODUCTION NO. 43: Any and all diaries, calendars, or any other lists or notes kept by Tory Gillis regarding or relating in any way to the occurrence in question and/or any events related to same thereafter.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.**

REQUEST FOR PRODUCTION NO. 44: Any and all documents or communications relating to any product allegedly designed, manufactured or marketed by Defendant that you allege is at issue in this case.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 45: Any and all documents or communications relating to any injuries alleged to have been sustained by any individual because of the underlying incident, including but not limited to physical, mental, and/or psychological injuries.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 46: Any and all documents or communications that in any way identify any individual who has personal knowledge of the underlying incident or this present action.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 47: Any and all documents or communications relating to any statements in any form and from any individual regarding the underlying incident or this present action, including but not limited to any diaries, logs, or journals.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 48: Please produce copies of all blogs, postings, tweets, and other electronic and/or internet media prepared by Defendant that are in your possession.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.**

REQUEST FOR PRODUCTION NO. 49: Please produce copies of any documents, photographs, drawings, diagrams, audio or video recordings, or any other item of tangible physical evidence obtained via authorization, affidavit, subpoena and/or deposition on written question regarding the incident made the basis of this lawsuit or relating to any other issue which is pertinent to this lawsuit. This request specifically includes copies of the executed authorization, affidavit, subpoena and/or deposition on written question corresponding to the responsive documents and/or tangible evidence.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 50: Any and all documents or communications relating to the Rifton Activity Chair including but not limited to documents or communications that identify or relate to:

(a) The present location of the Rifton Activity Chair;
(b) The model, year, style, serial number, manufacturer, and identification number of the Rifton Activity Chair;
(c) The date of manufacture;
(d) The name and address of the owner of the Rifton Activity Chair at the time of the incident, and the present location and name of the possessor of the Rifton Activity Chair at this time;
(e) When, where and from whom the owner purchased the Rifton Activity Chair, whether the Rifton Activity Chair was new or used when the owner acquired it, and if used, the name and address of all prior owners;
(f) Any writing, words, inscriptions, or cautions contained on the Rifton Activity Chair at the time it was purchased;
(g) Any writing, words, inscriptions, or cautions contained on or near the Rifton Activity Chair at the time of the incident;
(h) Information pertaining to any alleged malfunction, damage, alteration, modification and/or failure of the Rifton Activity Chair before or after the incident;
(i) Whether the Rifton Activity Chair had been altered, repaired modified or changed in any manner before the incident, or after the incident, but after the product allegedly left the possession of Defendant, in what manner it was altered, repaired,

modified, or changed and how said alteration, repair, modification, or change contributed to any injury sustained as a result of the incident;

(j) Identifying the length of time before the date of the incident that the Rifton Activity Chair was used by any party;

(k) Whether any party received any assembly manuals, brochures or pamphlets regarding the use, installation and operation of the Rifton Activity Chair in question, and the nature of the instructions, brochures, or pamphlets received, the source, and date received;

(l) The dimensions of the Rifton Activity Chair; and

(m)That the Rifton Activity Chair did not conform to the requirements of any federal directives.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 51: Any and all documents or communications that identify or relate to all persons known by you to have performed installation, maintenance, service or repair on the Rifton Activity Chair before or after the incident.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs have no responsive documents in their possession, custody, or control.**

REQUEST FOR PRODUCTION NO. 52: Any and all documents or communications that you intend to rely upon to support any contention that the Rifton Activity Chair was defective or unreasonably dangerous at the time it allegedly left Defendant's possession, including but not limited to documents that identify or relate to:

(a) In what respect the Rifton Activity Chair was defective;

(b) In what respect the Rifton Activity Chair was unreasonably dangerous; and

(c) Whether the alleged defective or unreasonably dangerous condition was the result of the Defendant's design, manufacturing, packaging, warnings, or lack of warnings, or any modification or alteration by Defendant.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 53: Any and all documents and/or communications you sent to, received from or exchanged with any employee, agent, and/or representative of Child Protective Services regarding the underlying incident, any of the claims that you are making in this lawsuit, and/or any of the injuries/damages you have asserted in this case.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the documents exchanged in this case.**

REQUEST FOR PRODUCTION NO. 54: Any and all documents and/or communications you sent to, received from or exchanged with any employee, agent, and/or representative of North East Independent School District regarding the underlying incident, any of the claims that you are making in this lawsuit, and/or any of the injuries/damages you have asserted in this case.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.**

REQUEST FOR PRODUCTION NO. 55: Any and all documents and/or communications you sent to, received from or exchanged with any employee, agent, and/or representative of Medical Wholesale, LLC regarding the underlying incident, any of the claims that you are making in this lawsuit, and/or any of the injuries/damages you have asserted in this case.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.**

REQUEST FOR PRODUCTION NO. 56: Any and all documents and/or communications you sent to, received from or exchanged with any third party regarding the underlying incident, any of the claims that you are making in this lawsuit, and/or any of the injuries/damages you have asserted in this case.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.**

REQUEST FOR PRODUCTION NO. 57: Any and all documents and/or communications you sent to, received from or exchanged with any engineer, architect or other professional, who performed any professional services or inspection with respect to the Rifton Activity Chair.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.**

REQUEST FOR PRODUCTION NO. 58: Any and all documents that identify the cause of the underlying incident.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 59: Any and all documents or communications relating to the Rifton Activity Chair.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 60: Any and all documents relating to J.G.'s attendance and/or enrollment at any school, day care and/or program, including but not limited to, records of attendance, report cards, test scores, evaluations, correspondence, and disciplinary notes and records. An Authorization is attached and can be used to respond to this request.

**RESPONSE**:  **Please see attached.**

REQUEST FOR PRODUCTION NO. 61: Any and all documents and/or communications you have received from any Freedom of Information Act ("FOIA") request, any Texas Public Information Act ("PIA") request, or any other federal or state public information act, in any way relating to this Action, the Rifton Activity Chair, any other positioning chair for clients with disabilities, or the underlying incident.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs have no responsive documents in their possession, custody, or control..**

REQUEST FOR PRODUCTION NO. 62: Any and all documents and/or communications between you and anyone acting on your behalf, including your attorneys, and any individual or entity concerning the underlying incident, the Rifton Activity Chair, or Defendant.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 63: If there are any other incidents that you consider substantially similar to the incident in this case, produce all claims, notices, correspondence, memoranda, petitions, complaints or other written documents regarding such other incidents, including but not limited to documentation referenced in response to Defendant's Interrogatory No. 13 to Plaintiff Jennifer Gillis, Individually.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs do not have any responsive material in their possession.**

REQUEST FOR PRODUCTION NO. 64: Any and all documents and/or communications relating to any provider liens, Medicaid liens, or any other liens or claims relating to Plaintiffs' medical or mental health care arising from the underlying incident.

**RESPONSE**: **Plaintiffs object to this discovery request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it violates the collateral source rule. Subject to these objections, Plaintiffs have no responsive documents in their possession, custody, or control.**

REQUEST FOR PRODUCTION NO. 65: Any exemplar activity chair or positioning chair for clients with disabilities.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 66: Any component parts of any exemplar activity chair or positioning chair for clients with disabilities.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 67: All photographs (in digital/.jpeg format and print copies) and video recordings of any exemplar activity chair or positioning chair for clients with disabilities.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 68: All photographs (in digital/.jpeg format and print copies) and video recordings of any component parts of any exemplar activity chair or positioning chair for clients with disabilities.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 69: Any and all documents and/or communications that reflect or describe any alternative designs for the Rifton Activity Chair, and/or any parts or components thereof, that you contend are better, safer, and/or more suitable for use than the design used for or on the Rifton Activity Chair at issue in this lawsuit.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 70: Any and all documents and/or communications by, or attributable to, Defendant that you contend are relevant to this case.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 71: Any and all documents and/or communications relating to any investigation of matters pertaining to the underlying incident and/or this lawsuit.

**RESPONSE**:  **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 72: Any and all documents and/or communications provided to, relied upon, considered, obtained by, or reviewed by any expert You may call to testify in this case, including the expert's entire file related to or regarding this case.  For purposes of this request, an expert's file consists of all notes, memos, letters, reports, e-mails, drawings, schematics, invoices, billing statements, simulations, exhibits, and other documents that refer or relate to this case.

**RESPONSE**:  **Plaintiff objects to the request as an improper discovery request with respect to Plaintiff's retained experts. Subject to this objection, Plaintiff will designate experts in accordance with the Court scheduling order regarding experts and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 73: A resume or curriculum vitae for each consulting expert who has either consulted with or provided materials to any expert witness who you may call to testify in this case.

**RESPONSE**:  **Plaintiff objects to the request as an improper discovery request with respect to Plaintiff's retained experts. Subject to this objection, Plaintiff will designate experts in accordance with the Court scheduling order regarding experts and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 74: All documents and tangible things (including but not limited to letters, checks, invoices, notes) either sent to or received from each consulting expert who has either consulted with or provided materials to any expert witness who you may call to testify in this case.

**RESPONSE**:  **Plaintiff objects to the request as an improper discovery request with respect to Plaintiff's retained experts. Subject to this objection, Plaintiff will designate experts in accordance with the Court scheduling order regarding experts and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 75: A report from each consulting expert witness which reflects the mental impressions and opinions of the consulting expert who has either consulted with or provided materials to any expert who may be called to testify as in this case.

**RESPONSE**: **Plaintiff objects to the request as an improper discovery request with respect to Plaintiff's retained experts. Subject to this objection, Plaintiff will designate experts in accordance with the Court scheduling order regarding experts and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 76: All documents, tangible things, physical models, compilations of data, or other material prepared by any consulting expert who has either consulted with or provided materials to any expert who may be called to testify as a witness in this case.

**RESPONSE**: **Plaintiff objects to the request as an improper discovery request with respect to Plaintiff's retained experts. Subject to this objection, Plaintiff will designate experts in accordance with the Court scheduling order regarding experts and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 77: All standards, codes, regulations, treatises, publications and/or other supporting data relied upon by each consulting expert whose mental impressions or opinions have been or will be reviewed by a testifying expert.

**RESPONSE**: **Plaintiff objects to the request as an improper discovery request with respect to Plaintiff's retained experts. Subject to this objection, Plaintiff will designate experts in accordance with the Court scheduling order regarding experts and/or the Rules of Civil Procedure.**

REQUEST FOR PRODUCTION NO. 78: Any and all documents identified in response to any of the Interrogatories propounded on you.

**RESPONSE**: **Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and requires Plaintiffs to marshal their evidence. Subject to these objections, Plaintiffs refers Defendant to the live complaint, documents exchanged in this case, and expert reports. Plaintiff will supplement in accordance with the Court scheduling order and/or the Rules of Civil Procedure.**

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Cory Itkin*
Jason A. Itkin
Texas Bar No. 24032461
Cory Itkin
Texas Bar No. 24050808
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com

-AND-

**ROSENTHAL PAUERSTEIN
SANDOLOSKI AGATHER LLP**

Jonathan D. Pauerstein
State Bar No. 15637500
jpauerstein@rpsalaw.com
Christopher A. Wright
State Bar No. 24082114
cwright@rpsalaw.com
755 E. Mulberry, Suite 200
San Antonio, Texas 78212
Telephone: (210) 225-5000
Facsimile: (210) 354-4034

**ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record herein in accordance with the Federal Rules of Civil Procedure on November 18, 2022.

*/s/ Cory Itkin*
Cory Itkin