IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JENNIFER GILLIS and TORY GILLIS, Individually and on Behalf of the ESTATE OF J.G., A Minor | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | SA-22-CV-00080-DAE |
| COMMUNITY PRODUCTS, LLC d/b/a RIFTON EQUIPMENT, CHURCH COMMUNITIES NY, INC., NORTH EAST INDEPENDENT SCHOOL DISTRICT and MEDICAL WHOLESALE, LLC | § § § § § § § | |
| Defendants. | § | JURY DEMANDED |

**DEFENDANT'S REPLY IN SUPPORT OF ITS OPPOSED MOTION TO COMPEL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant COMMUNITY PRODUCTS, LLC, and files this Reply in Support of its Opposed Motion to Compel, in support of which it would respectfully show the Court as follows:

**I.
SUMMARY**

1.  On November 7, 2022, Defendant filed its Opposed Motion to Compel. Doc. 24.

2.  On November 18, 2022, Plaintiffs filed their Response to Defendant's Motion to Compel. Doc. 25. However, according to this Court's Local Rule CV-7(d)(2), Plaintiffs' Response is untimely as it was not filed within 7 days after Defendant filed its motion. As such, Plaintiffs' Response should be struck in its entirety and this Court may grant Defendant's Motion as unopposed.

3.  Furthermore, despite Plaintiffs' representations to the contrary, Plaintiffs have not

fully responded to Defendant's discovery requests "in compliance with the rules and spirit that governs discovery." For the reasons set forth herein and in Defendant's Motion, Defendant respectfully requests that this Court grant Defendant's Motion to Compel.

## II.
## INTERROGATORIES TO PLAINTIFF JENNIFER GILLIS

4. In Jennifer Gillis' Second Supplemental Responses to Interrogatories, Jennifer failed to remove her improper objections to Interrogatory No. 14 seeking information related to treatment for injuries resulting from the incident in question. As such, her Answer is still deficient, and her objections should be struck.

5. Jennifer's Answer to Interrogatory No. 15 is also still deficient. Jennifer is seeking to recover damages for personal injuries such as past and future emotional distress and mental anguish, and past and future medical expenses. As such, her prior treatment history is relevant and discoverable. *See Mendez v. Aaron Rents, Inc.,* 2005 WL 8156342, \*2, Civil No. SA-03-CA-687-FB (W.D. Tex. 2005)(defendant entitled to discover plaintiffs' medical history for 10 years preceding the incident as it is relevant to the defense of emotional distress and in order to determine if other medical matters caused any anguish or emotional distress); *Arredondo v. Flores,* Civil Actions No. L-05-191, 2007 WL 3035859, \*14 (S.D. Texas 2007)(plaintiffs' medical histories over the last ten years is highly relevant to plaintiffs' claims for damages and remedy when seeking to recover past and future medical expenses and past and future physical pain, mental anguish and emotional distress); and *Jackson v. County of Bexar,* Civil No. SA-07-CA-928-FB, 2009 WL, 10699965, \*3 (W.D. Tex. 2009)(while information regarding plaintiff's past mental and medical health history may not be relevant to plaintiff's claims, it may nevertheless be relevant to the defense). Plaintiffs seemingly recognize the relevance of such information because Tory Gillis did not object to the very same interrogatories regarding his own prior treatment history. *See* Exhibit

E, page 6, to Defendant's Opposed Motion to Compel, Doc. 24. As such, Jennifer's objections to Interrogatory No. 15 should be struck and she should be ordered to fully respond.

## III.
## REQUESTS FOR PRODUCTION TO PLAINTIFFS

**A.  Authorizations for disclosure of J.G.'s medical and school records**

6.  Plaintiffs contend that the requested authorizations were provided via a link in an email dated August 16, 2022.

7.  Defendant submits that the requested authorizations were not made available in August through the above referenced link, which is why Defendant's counsel thereafter renewed requests for the authorizations in emails dated September 26, October 19 and again on October 25. *See* Exhibit B, Exhibit C and Exhibit G to Defendant's Opposed Motion to Compel, Doc. 24. Otherwise, Defendant would not have wasted this Court's time and judicial resources on a "moot" discovery issue. Moreover, if the requested authorizations had in fact been previously produced in August, then presumably Plaintiffs' counsel would have indicated so in response to the emails of September 26, October 19 and/or October 25; however, no such response was ever made.

8.  Defendant acknowledges that, as of the filing of Plaintiffs' Response to Defendant's Motion, the requested authorizations have since been uploaded to the shared documents link by Plaintiffs. As such, this issue no longer needs to be addressed by the Court. However, contrary to Plaintiffs' misrepresentations, Defendant has not yet obtained any records as a result of an authorization nor has Defendant produced any such records in this matter and any representation that such has occurred is inaccurate.

**B.  J.G.'s Medical Records**

9.  With respect to Request for Production Nos. 8, 10, 18 and 19, Plaintiffs claim that they do not have any responsive records but that such records have been ordered. If that is the case,

then the appropriate response would be something akin to "none within Plaintiffs' possession, custody or control." Instead, Plaintiffs asserted the same frivolous objections as have been asserted to almost all of Defendant's discovery requests and stated, "Plaintiffs refer Defendant to the live complaint and the documents exchanged in this case." Plaintiffs' objections are improper, and their responses are inaccurate. Defendant requests that Plaintiffs' objections be struck, and that Plaintiffs provide proper responses.

C.   **Medical and Mental Health Records for Jennifer and Tory Gillis**

10.   While Jennifer Gillis has not yet provided full and complete responses to interrogatories related to her medical history, Tory Gillis previously indicated that he has sought treatment with South Texas VA / Dr. Duron for injuries resulting from the incident in question. *See* Exhibit E, page 6, to Defendant's Opposed Motion to Compel. Therefore, Plaintiffs' statement in their Response that "J.G.'s parents have not sought medical treatment or mental health treatment as a result of J.G.'s death" is not accurate. Furthermore, requests for medical or mental health records for treatment related to the underlying incident are clearly relevant to the claims and defenses asserted in this matter. As such, Plaintiffs' objections to Request for Production Nos. 29, 30, 31, and 32 should be struck and Plaintiffs ordered to provide true and accurate responses.

E.   **Content on Social Networking Sites**

11.   While Plaintiffs recently supplemented their production with various photographs of J.G. and his family, Defendant contends that Plaintiffs' objections and responses to Request for Production Nos. 26, 27 and 28 are still improper and inadequate. The requests at issue seek not just photos of J.G. and his family, but specifically, photos, communications and postings uploaded to social networking sites. Plaintiffs' prior postings related to J.G., the underlying incident and/or Plaintiffs' claims for liability, injuries and damages are certainly relevant to this matter. As such,

Defendant requests that the Court strike Plaintiffs' objections to Requests for Production No. 26, 27 and 28, and order Plaintiffs to fully respond to said requests.

**F.     Statements and Records Related to Underlying Incident**

12.     With respect to Requests for Production Nos. 7, 12, 13, 16, 49 and 61, Defendant is not seeking photographs taken by Plaintiffs' consulting expert at a recent inspection of the chair at issue. However, Defendant is seeking all other non-privileged materials responsive to these requests. Plaintiffs' improper objections should be struck, and Plaintiff ordered to provide full and complete responses, with reference to specific responsive documents rather than directing Defendant to "the live complaint, documents exchanged in this case and expert reports."

**G.     Child Protective Services**

13.     With respect to Request for Production No. 53, Plaintiffs' Second Supplemental Response remains deficient. Defendant requests that the Court strike Plaintiffs' objections and order Plaintiffs to fully respond to said request, including reference to specific responsive documents that have been produced rather than a generic statement such as "Plaintiffs refer Defendant to the documents exchanged in this case."

**I.     Photos or videos of J.G.**

14.     With respect to Requests for Production No. 3, Plaintiffs have indicated that they have no objection to producing such materials if they are still in Plaintiffs' possession. Yet Plaintiffs' Second Supplemental Response refers to the "live complaint and the documents exchanged in this case." Considering that Defendant has been requesting a supplemental response to this request for over three months, Defendant requests this Court order Plaintiffs to provide supplemental responses to this request, and all requests at issue in Defendant's Motion, by a date certain.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully request that this Court grant the relief sought in its Opposed Motion to Compel and this Reply in support thereof, and for such other and further relief, both general and special, at law or in equity, to which Defendant may be entitled.

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

BY: _/s/ Celia Guerra_____
JOHN A. GUERRA
State Bar No. 08576180
Email: jguerra@brock.law
MARK R. STRANDMO
State Bar No. 00786264
Email: mstrandmo@brock.law
CELIA E. GUERRA
State Bar No. 24069756
Email: cguerra@brock.law

**ATTORNEYS FOR DEFENDANTS**
**COMMUNITY PRODUCTS, LLC d/b/a**
**RIFTON EQUIPMENT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served on all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 23rd day of November 2022.

_/s/ Celia Guerra_____
JOHN A. GUERRA
MARK R. STRANDMO
CELIA E. GUERRA